# Headley *v.* O. R. & J. M. Bell.

*Bill in Equity to enjoin Collection of Judgment at Law.*

1. *Injunction of judgment at law; what bill must show.*—A bill for an injunction against a judgment at law must show, not only that the complainant had a valid defense against the claim, but that he was ignorant of it until after the judgment was rendered, and that his ignorance was not attributable to his own negligence or other fault.

2. *Same; possession as evidence of title.*—Possession of land is sufficient to put any purchaser on inquiry, and to charge him with negligence if he fails to make inquiry; hence, the mortgagee of a person not in possession, against whom a statutory judgment is obtained for the failure to enter satisfaction of the the mortgage (Code of 1876, §§ 2222-23), can not enjoin the judgment on account of the mortgagor's want of title.

APPEAL from Chilton Chancery Court.
Heard before Hon. S. K. McSPADDEN.

WM. A. COLLIER, for appellant.

WATTS & SON, *contra.*

STONE, C. J.—In March, 1884, Headley executed a mortgage to the Bells, to secure them for advances made and to be made, to enable the former to make a crop that year. The mortgage conveyed the crop to be grown by Headley, and eighty acres of land. The advances made by the Bells on the faith of this mortgage amounted to about sixty dollars. After taking this mortgage, and making the advances, the Bells discovered that Headley had made an older mortgage of his crop to one Robertson, to secure him in a debt of about sixty dollars. The Bells thereupon purchased the Robertson debt and · mortgage, paying the face value of the debt therefor.

After the maturity of the crop, the Bells obtained possession of it by attachment and had it sold. The net proceeds of the crop, after paying expenses of seizing and selling, amounted to about ninety-five dollars, leaving an unpaid balance on the two mortgage debts of twenty-three or twenty-five dollars. The Bells thereupon advertised the land for sale, under the power contained in the mortgage, sold it, and

themselves became the purchasers at forty dollars. This, added to the proceeds of the crop, overpaid the two mortgage debts.

Headly requested the Bells to enter satisfaction on the record of the mortgage of March, 1884, which, for insufficient reasons, they refused to do. He thereupon sued them, and recovered a judgment for two hundred dollars, the stautory penalty.

The present suit is a bill by the Bells against Headley, and seeks to enjoin the collection of said judgment, on the ground that they had a valid defense to the suit, and did not know of its existence until after the judgment was rendered and the court had adjourned. The particular ground relied on is, that Headley had neither right nor title to the land conveyed in the mortgage, but that the same belonged to another; that in making the mortgage he had represented that he owned it, and that it was his homestead; and he conveyed it as such. The bill avers that, in fact, he never had resided on the land, and had no valid claim to it whatever. A bill, such as this, to be sufficient, must not rest on the simple averment that there was a valid defense, of which defendant had no knowledge until after judgment. Suitors must be diligent; and to make a case for relief, it must appear in the averred facts that the complainant was prevented from making his defense by fraud, accident, or the act of the opposite party, unmixed with fault or neglect on his part. *French v. Garner*, 7 Port. 549. The bill in this case, if the question had been raised, is not sufficiently specific in negation of neglect on the part of the Bells in preparing their defense in the law court.—1 Brick. Dig. 666, § 376; 3 *Ib.* 347, § 230. The sufficiency of the bill, however, was not raised by demurrer, nor by motion to dismiss for want of equity.

The proof shows that the land mortgaged belonged to Brittle and Howell, that there was a tenant on it holding under them, and that Headley was not in possession of it. This was enough to put the Bells on inquiry, which, if followed up, would have led to the knowledge that Headley had no title, and would have enabled them to defend at law, on the very ground that they rely on in this suit. It is no answer to this, that they did not know of these facts. It was negligence in them that they made no effort to find out the true facts of their defense. The law favors the vigilant, but not the slothfully indolent.

[Ellis et al. v. Ellis.]

The decree of the chancellor is reversed, and a decree here rendered dismissing the complainant's bill at their costs in the court below and in this.

Reversed and rendered.