[Price v. Bell.]

# Price v. Bell.

*Bill in Equity by Purchaser, in nature of Specific Performance.*

1. *Statute of frauds; contract for sale of land; delivery of possession, and part payment of purchase-money.*—A verbal contract for the sale of a tract of land is not within the statute of frauds (Code, § 1732, subd. 5), when the purchase-money, or a part of it, was paid, and the purchaser was put in possession.

2. *Variance in description of land.*—A material variance between the pleadings and proof, in the description of the land, the legal title to which the complainant seeks by his bill to obtain, will work a reversal of the decree in his favor.

3. *Notice implied from possession.*—A purchaser of a tract of land at an administrator's sale can not claim protection against the equity of a prior purchaser of a part of the tract, who is in actual possession, has inclosed his portion with a fence, and erected a dwelling-house on it; these facts being sufficient to put him on inquiry, and charge him with notice.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. THOS. W. COLEMAN.

The bill in this case was filed on the 1st August, 1889, by Mollie Bell, against Thos. J. Price, in the nature of a bill for specific performance; and sought to obtain the legal title to a small parcel of land, containing one acre, which the complainant alleged she had bought from Alex. McTavish in his lifetime, and had paid the purchase-money in full, while the defendant claimed it as part of a larger tract, which he had bought at a sale made by the administrator of said McTavish. The defendant claimed to be a purchaser for valuable consideration without notice, and set up the statute of frauds in defense, by demurrer and plea. The chancellor overruled a motion to dismiss the bill for want of equity, overruled the demurrer, and, on final hearing on pleadings and proof, rendered a decree for the complainant; and these rulings are here assigned as error.

WM. E. RICHARDSON, for appellant.

RICHARD P. DESHON, *contra.*

STONE, C. J.—We think the proof in this case sufficiently establishes the following propositions of fact: *First*, that

[Price v. Bell.]

Alexander McTavish, by oral contract, agreed to sell to Mollie Bell one acre of land, for forty dollars agreed to be paid; that he pointed out to her the acre he sold her, and marked it by stakes and measurements, sufficiently to identify it. *Second*, that as part of the contract of purchase, she paid part of the purchase-money, and was let into possession. *Third*, that she erected a dwelling and fence on the premises, and has ever since occupied the lot by herself, and by those holding in her right. *Fourth*, that during the life of McTavish she paid him the entire purchase-money. These facts, which we hold are sufficiently proved, take this contract without the annulling influence of the statute of frauds.—Code of 1886, § 1732, subd. 5.

There is attached to the amended bill, as an exhibit, a plat or survey of the acre, which, if correct, will enable a surveyor to locate and identify it, and a draughtsman to describe it. The amended bill attempts to describe the acre, but the description contains an error, which must work a reversal of this case; for it fails to describe the land sued for, and, hence, produces a variance between the allegations and proof. It fails to describe the land on which the dwelling and fence were erected. The error consists in misplacing the initial point—the south-west corner of the acre—on the west line of the railroad's right of way, instead of the east line, the true beginning point. This misplaces the acre by, at least, the width of the railroad's right of way. The following would be an accurate description, according to the surveyor's plat: From a point on the east line of the right of way of the Mobile & Ohio Railroad, at its intersection with the north line of Alley No. 2 of the Dade survey, north 45°, 50′ west, along said east line, eight 51-100 chains, to the beginning point of survey, being the south-west corner of the acre. The remaining description is correctly set forth in the amended bill.

And there is an entire absence of testimony that the description of the acre given in the surveyor's plat and accompanying note, describes correctly and fixes the *situs* of the acre of land sued for. The unsworn plat and notes of the surveyor are insufficient for this.

It is contended for appellant that he is a *bona fide* purchaser of the tract of land, including the acre, without notice of complainant's claim, and that the bill should be dismissed on that account. A sufficient answer to this, without noticing any other, is found in the fact that, at the time of Price's purchase, the lot in controversy was inclosed by a fence, and had a dwelling on it, and that complainant, by herself or tenant, was in actual occupancy of it. This was enough to put him on in-

[Jones v. Semple.]

quiry, which would have led to information of the nature of her claim.—*Meyer v. Mitchell*, 75 Ala. 475; *Headley v. Bell*, 84 Ala. 346; *Anthe v. Heide*, 85 Ala. 236.

Reversed and remanded.