# Price *v.* Bell.

*Bill in Equity by Purchaser, in nature of Bill for Specific Performance.*

1    *Amendment of bill, after remandment on appeal.*—Where, on appeal from a decree in favor of the complainant in a suit in equity, the de-,cree was reversed because of a variance between the allegations and the proof in the description of the land involved in the suit, upon the remandment of the cause, it is proper to allow an amendment of the bill which merely corrects the description of the land in question.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. WM. H. TAYLOE.

The bill in this case was filed on August 1, 1889, by the appellee, Mollie Bell, against the appellant, Thomas J. Price, and sought to have vested in the complainant the legal title to a small parcel of land, containing one acre, which complainant alleged she had bought from Alex. McTavish in his life time, and had paid the purchase-money in full, while the defendant claimed it as part of a larger tract, which he had bought at a sale made by the administrator of said McTavish. From a decree granting the relief prayed, defendant appeals.

WM. E. RICHARDSON, for appellant.

RICHARD P. DESHON, *contra.*

WALKER, J.—When this case was here on a former appeal the decree which had been rendered in favor of the complainant was reversed because of a variance in the allegations and the proof in the description of the lot of land sued for, and because of a failure to prove that the surveyor's plat and survey correctly described the lot in controversy. *Price v. Bell,* 91 Ala. 180. After the remandment of the cause, the bill was amended in the matter of the description of the lot, and proof was made that the surveyor's plat and survey correctly described the lot fenced in and claimed by the complainant.

There is no room for controversy as to the propriety of allowing an amendment which merely corrects the description of the land in dispute.

The testimony of the witness Ross, taken after the amend-

[Wiggins v. Witherington & Co.]

ment was allowed, in connection with the other evidence in the case, leaves no doubt in the mind of the court that the bill as amended correctly describes the lot sold by McTavish to the appellee. With this proof made, it is plain from what was said in the opinion delivered on the former appeal, that the appellee was entitled to have the legal title to the lot vested in her. The decree to this effect will be affirmed.

Affirmed.