# Reynolds v. Kirk.

*Bill in Equity to remove Cloud from Title to Land.*

1. *Bill to remove cloud from title; when maintained.*—Where the purchaser of land executes his note for the purchase money, and goes into immediate possession of said land and continues to occupy it as his own, and upon the subsequent payment of the purchase money note the vendor executes and delivers to him a deed conveying to him said land in fee simple, such purchaser can maintain a bill to set aside as a cloud upon his title a mortgage on said lands, which was executed by the vendor subsequent to the sale of said land and while the purchaser was in possession thereof, and also a deed embracing said land, made at the foreclosure sale of said mortgage.

2. *Vendor and purchaser; when contract not within statute of frauds.* When a purchaser of land goes into the immediate possession thereof and gives his vendor a note for the purchase price, which note recites that it was given in consideration of the purchase of said land, de-

[Reynolds v. Kirk.]

scribing it, and contains all the other essential terms of the contract of purchase, such sale is taken without the influence of the statute of frauds, and is not void.

3. *Same; possession sufficient to put mortgagee upon inquiry.*—Where one is in possession of land under contract of purchase at the time his vendor executes a mortgage on said land to a third person, such possession is sufficient to put the mortgagee upon inquiry as to the title of the person in possession, and to charge him with notice of all the equities binding upon the mortgagor in favor of the purchaser.

APPEAL from the Chancery Court of Jackson.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on February 4, 1892, by the appellee, George Kirk, against the appellant, E. R. Reynolds, and Willis C. Stephens, to remove a cloud from the title of the complainant to certain lands. The bill averred that on January 5, 1888, the complainant, George Kirk purchased from Willis C. Stephens the S. W. ¼ of the S. W. ¼ of section 6, township 5, range 5 E. and went into possession of said land, and continued to occupy it as his own; that at the time of the purchase there was no deed executed by Stephens to Kirk, but Kirk executed his note to Stephens for the purchase money; that subsequently Kirk paid the purchase money as evidenced by his note to Stephens, and Stephens executed a deed on December 7, 1889, conveying to Kirk the lands in fee simple. The bill further averred that on May 10, 1889, Willis C. Stephens borrowed a large amount of money from the respondent, E. R. Reynolds, to secure the payment of which he executed a mortgage, and "by mistake of the draftsman in drawing up said mortgage, the lands which had been before purchased by orator, to-wit, the S. W. ¼ of the S. W. ¼ of section 6, township 5, range 5 E., were included in said mortgage, and said Stephens executed and delivered the same; but that he did so   *   *   *   by mistake, not knowing that the lands which he had previously sold to orator were included in said mortgage;" that it was not known to the complainant that the lands which he had purchased from Stephens were included in this mortgage until the fall of the year 1891, when the mortgagee, E. R. Reynolds, was preparing to foreclose said mortgage, said Stephens having made default in the payment of said mortgage debt. The bill further averred that against the objection and protest of the complainant, Reynolds, as mortgagee, on

May 18, 1891, foreclosed the mortgage by a sale, and became the purchaser of the lands therein described, including the 40 acres previously bought by the complainant, and occupied by him at the time ; and is threatening to sue the complainant for said 40 acres.

The prayer of the bill was that the mortgage executed by Stephens to Reynolds, so far as it relates to the 40 acres of land purchased by the complainant, be cancelled, and the deed executed to Reynolds at the foreclosure sale of his mortgage, so far as it relates to the said 40 acres, be likewise cancelled as a cloud upon complainant's title, and that said Reynolds be enjoined from setting up any claim to said 40 acres, or disturbing the complainant in the rightful possession thereof.

The answer of the respondent, E. R. Reynolds, denied that there was any mistake in describing the lands conveyed by the mortgage, and averred that the lands conveyed in the mortgage were those which were intended to be conveyed by Stephens, as a security for the payment of his mortgage debt. The respondent also pleaded the statute of frauds.

The evidence of the complainant, as shown by the deposition of many witness, corroborated the allegations of the bill. The testimony of the complainant and Stephens was, that on January 5, 1889, the said Stephens sold to George Kirk, the complainant, the lands described in the bill, and for the purchase money said Kirk executed to complainant, on January 14, 1889, his note, which was in words and figures as follows : "$400.00. By the 25" day of December, one thousand, eight hundred and ninety, I promise to pay W. C. and Cynthia Stephens, the sum of four hundred dollars in consideration of the forty acres of land that I now live on, described as follows : The S. W. ¼ of section 6, T. 5, R. 5 E. This the 14" day of January, 1889. [Signed.] George Kirk." A short time after this note matured, the complainant paid the amount due thereon, and in December, 1889, Stephens executed his deed to the complainant. It was also shown that at the time of the execution of the mortgage by Stephens to E. R. Reynolds, the complainant was in the actual possession of the lands in controversy, cultivating the same and exercising acts of ownership thereof.

The evidence in behalf of the respondent, E. R. Reyn-

olds, as shown by the deposition of one J. H. Gregory, who negotiated the loan for Stephens, was, that the lands described in the mortgage were those which were described in the application for the loan, made by said Stephens, and that there was no mistake made in the description of said lands as contained in the mortgage.

On the final submission of the cause, upon the pleadings and proof, the chancellor decreed that the complainant was entitled to the relief prayed for, and ordered accordingly. The respondent, E. R. Reynolds, prosecutes this appeal, and assigns the final decree of the chancellor as error.

CALDWELL BRADSHAW and JAMES E. WEBB, for appellant.—1. The statute of frauds in regard to a contract of sale of lands, requires not only possession, but a payment of a portion of the purchase money. Two things are necessary to be shown; possession and payment of a portion of the purchase money, in order to place Kirk in the position where he could enforce specific performance of the contract of sale which Stephens had made with him; and as against Reynolds these two must exist at the time when Stephens conveyed to Reynolds, May 10, 1889.—*Manning v. Pippin*, 95 Ala. 542; *Heflin v. Milton*, 69 Ala. 354.

2. The possession of Kirk. was constructive notice to Reynolds of Kirk's rights against Stephens, but it does not enlarge these rights. Kirk had no higher or greater rights against the title of the land in the hands of Reynolds because he purchased with notice, than he had against Stephens if he had continued to hold title. By the authorities, a vendee seeking specific performance of a contract of sale and conveyance of land, must either aver payment of the purchase money or a tender thereof. His bill must contain a tender or an offer to pay, unless he shows that he has already paid. There is no avermant in the bill sufficient to excuse complainant Kirk from tendering payment of the purchase money.—*Billingsley v. Billingsley*, 37 Ala. 425; *Bell v. Thompson*, 34 Ala. 633; *Jenkins v. Harrison*, 66 Ala. 345; 3 Pom. Eq. Jur., § 1407; 22 Amer. & Eng. Encyc. of Law, 930, 942, 1035.

J. E. BROWN, *contra.*—1. The bill is good as one to

remove cloud on title.—*Rea v. Longstreet*, 54 Ala. 291; *Lockett v. Hurt*, 57 Ala. 198 ; *Daniel v. Stewart*, 55 Ala. 278.

2. The court will perpetually enjoin a sale which casts a cloud on title.—3 Brick. Dig. 356, §§ 355, 356. The court will interfere and cancel as a cloud on title a conveyance which, through inadvertence or mistake, conveys the title to the land of another.—*Barclay v. Henderson*, 44 Ala. 269.

3. A purchaser of land in the possession of a third person, without inquiring into the nature and character of the possession, is chargeable with notice of all the equities binding his vendor.—2 Brick. Dig. 519, § 181, *Phillips v. Costley*, 40 Ala. 486 ; *Brewer v. Brewer*, 19 Ala. 481; *Powell v. Allred*, 11 Ala. 319; *Daniel v. Sorrells*, 9 Ala. 436; *Scroggins v. McDougald*, 8 Ala. 382; *Harris v. Carter*, 3 Stew. 233 ; *Smith & Co. v. Zurcher*, 9 Ala. 208; *Fenno v. Sayre*, 3 Ala. 458 ; *Burns v. Taylor*, 23 Ala. 255.

4. It is well settled that if the purchaser be put in possession of such facts concerning the title which the vendor offers to sell, as would cause a prudent man to inquire further before he would proceed to purchase, he can not claim the protection which is accorded to an innocent purchaser without notice.—*Wilson v. Wall*, 34 Ala. 288 ; *Center v. P. & M. Bank*, 22 Ala. 743 ; *Chapman v. Glassell*, 13 Ala. 50 ; *Herbert v. Hanrick*, 16 Ala. 581, *Harris v. Carter*, 3 Stew. 233 ; *Scroggins v. McDougald*, 8 Ala. 382.

HARALSON, J.—1. On the facts set up in this bill, the complainant occupied a position that entitled him to file it, to remove a cloud on his title.—*Rea v. Longstreet*, 54 Ala. 291; *Lytle v. Sandefur*, 93 Ala. 399; *Torrent Fire Co. v. City of Mobile*, 101 Ala. 559; *Barclay v. Henderson*, 44 Ala. 269.

2. His purchase from Stephens was not void under the statute of frauds. He went into the immediate possession, and has been holding and claiming it ever since, making annual crops and erecting improvements on it. He executed and delivered his promissory note to his vendor, bearing date the 14th January, 1889, a few days after the purchase, for $400, the purchase price of the land, payable on the 25th December following, reciting that it was in consideration of the land, on which he

then lived, describing the same land that is mentioned in the bill. This was sufficient to take it out of the statute of frauds. It contains the essential terms of the contract—describes the land sold, the price to be paid and the date of the payment—all expressed with such certainty, as that they may be understood from the writing itself, which was signed by the purchaser, the complainant. It was, on the payment or tender of the purchase money, capable of specific enforcement.—*Adams v. McMillan*, 7 Port. 80; *Carter v. Shorter*, 57 Ala. 256; *Heflin v. Milton*, 69 Ala. 358; *Phillips v. Adams*, 70 Ala. 376; *Lake-side Land Co. v. Dromgoole*, 89 Ala. 508.; *Nelson v. Shelby M. & I. Co.*, 96 Ala. 524.

3. Kirk was in possession of the land, at and before the time of the execution of the mortgage by Stephens to Reynolds, the appellee. This was sufficient to put him on inquiry as to complainant's title, and to charge him with notice of all the equities binding his vendor. *Burt v. Cassety*, 12 Ala. 734; *Tutwiler v. Montgomery*, 73 Ala. 264; *Brunson v. Brooks*, 68 Ala. 248; *Bernstein v. Humes*, 71 Ala. 261; *Headley v. Bell*, 84 Ala. 346; *Price v. Bell*, 91 Ala. 180.

4. If it were necessary to decide, we would incline to the opinion, that the mistake, as it is averred in the bill, by which complainant's land was included in defendant's mortgage, was sustained by the evidence.

The facts as averred in the bill and sustained by the proof, we may add, without further discussion, entitled complainant to the decree rendered in his favor by the chancery court, and it is affirmed.

