# Folmar v. Carlisle.

### Bill in Equity to Enforce a Vendor's Lien.

1. *Sale of land; statute of frauds.*—A deed conveying real property and the note given for the purchase money are to be construed together in determining whether the transaction is within the statute of frauds; and where in the sale of land, there is executed a deed in which is described the property sold and conveyed and the consideration is fully expressed, and a note is given for a part of the purchase money, in which the sale is referred to and it is stated that it was given for a part of the purchase money, and the purchaser is put into possession of the land, such transaction is taken without the influence of the statute of frauds.

29

[Folmar v. Carlisle.]

2. *Same; payment of purchase money by settlement of an account; usury.*—Where in the sale of land, it is agreed between the parties that if in the settlement of a mercantile account between the vendor and the purchaser, anything is ascertained to be due by the vendor to the purchaser, such balance shall be allowed as a payment *pro tanto* of the purchase money, such agreement does not prevent the vendor, in a bill filed to enforce his vendor's lien on the land sold, from claiming the existence of usury in the account against him, and asking that all usury be eliminated, and that he be required to pay only legal interest on said account and that the purchaser be credited with any balance that may be found to be due on the account, after computing only legal interest thereon, and that he be required to pay the balance of the purchase money remaining due after the allowance of such credit.

3. *Same; when note for purchase money is to be paid on a contingency, such note does not bear interest until the happening of such contingency.* Where, in the sale of land, a note is given for a part of the purchase money, which by its terms is payable whenever the vendor removes all incumbrances from the land sold, interest does not begin to run on said note until said land has been released from all incumbrances.

APPEAL from the Chancery Court of Pike.

Heard before the Hon. JERE N. WILLIAMS.

The facts of the case are sufficiently stated in the opinion.

PARKS & SON, for appellant, cited *Heflin v. Milton,* 69 Ala. 354; *Sayre v. Westcott,* 94 Ala. 476.

A. C. WORTHY and M. N. CARLISLE, *contra,* cited *Cordova Coal Co. v. Long,* 91 Ala. 538; *Woodall v. Kelly & Co.,* 85 Ala. 368; *Carver v. Eads,* 65 Ala. 190; *Plowman v. McLean,* 14 Ala. 169.

HARALSON, J.—The bill is for the enforcement of a vendor's lien for the payment of the purchase money for land. The appellee was complainant below, and appellant the defendant. The court overruled the motion of defendant to dismiss the bill for want of equity; and on that ruling the assignment of error is based.

The case made by the bill, so far as a test of its equity goes, lies in the averments, that on the 1st of July, 1895, complainant sold to defendant a certain tract of land, fully described in section one of the bill, lying and being in Pike county, Alabama, for the sum of twenty-

five hundred dollars, and on that day made and delivered to him a deed to and put him in the possession of said lands. The lands are fully described in the deed, and the consideration therefor as recited is the sum of $2,500 in hand paid, receipt whereof is acknowledged by the grantor. This evidences a cash consideration. The land thus sold and conveyed, as is shown, was a part of a tract of three hundred and sixty-five acres, on the whole of which there was at the time of said sale, a mortgage to the Equitable Mortgage Company of Kansas City, Mo., to secure a loan by said company of $2,500 to the complainant. It was agreed by the complainant and the defendant, that $1,400 of the purchase money of the land included in said mortgage, sold to defendant by complainant, should be applied towards the payment of said mortgage debt by complainant to said mortgage company, in ease and release of said mortgage, if that could be done ; and accordingly, on the same day of the date of said deed from complainant to defendant, the defendant executed and delivered to complainant his promissory note for the sum of $1,400, which note recited, that "Whereas, I have this day bought from M. N. Carlisle, a certain tract of land which is described in the deed from him to me of this date, I agree to bind myself to pay said Carlisle, fourteen hundred dollars, whenever he frees or has released from all incumbrance the said land. He is to use the $1,400 in getting said land released." Complainant, on account of a delay, with which it is not shown that defendant was connected, and for which he was not, in any sense, responsible, failed to procure a release of defendant's said lands until the 20th of February, 1897 ; and defendant's said note for $1,400 was not paid until that date. The bill as to this matter avers, "that on the 20th February, 1897, said Folmar paid complainant $1,400, which he took, together with his own money, and on the same day fully paid off and discharged said mortgage debt to said Equitable Co., had said mortgage delivered up and cancelled and satisfaction entered upon the margin of the record of said mortgage, and complainant avers, that he now has freed said land sold to said Folmar from all incumbrance."

It seems from the averments of the bill, though it is not distinctly so averred as a definite agreement between

[Folmar v. Carlisle.]

the parties, that the balance of the $2,500 of purchase money for said land, after deducting the $1,400, had not in fact been paid; but that the complainant had, for some four years before the date of the sale of said land, been procuring advances and supplies from the defendant, who was his merchant for such purposes; that he had been making payments to defendant therefor and that there was an unsettled account between them as to such matters, which it was agreed at the time of the sale they would settle and ascertain the balance, if any, due and owing by complainant on such account, and such balance was to go as a credit to defendant on the balance of $1,100 of purchase money for the land remaining unpaid by him; that complainant and defendant got together, on the date of the sale, before any writings were signed, and went into settlement of said account, so that the balance of account could be ascertained, but the settlement was suspended by agreement, although said deed and note were delivered, the one to defendant and the other to complainant; that the next day, complainant appeared at defendant's place of business to complete said settlement, and defendant then and there refused to proceed further with said settlement or to pay complainant anything on account of said purchase, and no settlement has ever been made of said transactions of advances by defendant and payments thereon by complainant running through the four years in which they occurred.

The bill then alleges, "that the whole of said balance of $1,100 is due complainant; that said Folmar is justly due and owing complainant the whole amount of $2,500, together with the legal interest thereon, from the 1st day of July, 1895, after allowing him credit for $1,400, on February 20, 1897."

It is further averred, that defendant has charged and claims very exorbitant usurious interest against complainant for making advances to him, and sets out in specific terms the usury charged and offers to pay legal interest and to credit defendant on what he owes him for purchase money, with any balance that may be found to be due and owing by complainant to him on settlement of said account, but complainant denies that he owes defendant any balance thereon. The prayer is for an account, to have all usury eliminated from said ac-

count; that each party on settlement of account, shall be charged eight per cent. interest only; for a sale of the lands for the payment of the ascertained balance owing by defendant, and for general relief.

1.   It is urged by appellant that the transaction of said sale is void under the statute of frauds (Code of 1886, § 1732).   But this contention can not be sustained. The sale of said land was in writing, as is evidenced by said deed and note; the property sold is described, the consideration fully expressed in the instruments, and the possession of the land delivered to the purchaser. This fully satisfied the requirements of the statute, even if it were necessary for those requirements to be shown in the bill.   The deed and note were parts of the same transaction, and are to be construed together as one instrument; and when thus taken, all the essential terms of a contract for sale of land, to take it without the influence of the statute of frauds, affirmatively appear. *Reynolds v. Kirk*, 105 Ala. 446; *Harper v. Campbell*, 102 Ala. 342; *Whisenant v. Gordon*, 101 Ala. 250; *Heflin v. Milton*, 69 Ala. 354; *Oliver v. A. G. L. Ins. Co.*, 82 Ala. 417.

2.   Nor is there anything in the contention against the equity of the bill, that a part of the purchase money for the land, as counsel express it, "was to be paid for in the account of said Folmar, and the court will not now change the contract and make it payable in money, by allowing a plea of usury to be interposed."   There is no averment, that complainant was to allow the balance of the account, including usurious interest, as a payment on the land, nor any definite amount of the unsettled account.   It may be true, that if complainant agreed to accept an account, which was usurious, in part payment for the land, such a contract would bind him, as the consideration he was to receive by the terms of the contract, and the court would not vary the agreement as made, by the substitution of another consideration for the one agreed to be paid and received.   In such case, it would not be usury with which the court would have to deal, as in the settlement of an account or note, where usury is pleaded, but with the purchase price, according to the terms of the agreement of sale,—not offensive to the usury statute.   It must be suggested, however, as before stated, that no such agreement ap-

[Friedman & Loveman v. Shamblin *et al.*]

pears in this bill, and from aught that does appear, the complainant is bound to credit the defendant only with the amount he may owe on settlement of said account, with legal interest thereon.

Let it be added, again, that by the terms of the $1,400 note, the defendant is not accountable for interest from the making of said note, until he paid the same. It was not his fault that he did not pay it sooner. It appears he paid it as soon as he was obligated to do so, by the terms of the writing, and that it was complainant's fault that it was not sooner paid.

The bill contains equity, and there was no error in overruling the motion to dismiss it.

Affirmed.