CONSOLIDATED COAL COMPANY, Appellant, v. J. R. FINDLEY ET AL., Appellees.

**Vendor and vendee:** DELIVERY OF DEED: INTEREST ON PURCHASE PRICE.
1 A grantor who fails to furnish a deed in form and at the time required of him by the contract of sale, is not entitled to interest on the purchase price for the time the deed is so delayed.

**Abstract of Title:** An agreement to furnish an abstract of title
2 should be enforced by the decree for specific performance.

*Appeal from Monroe District Court.*— HON. C. W. VER-
MILLION, Judge.

WEDNESDAY, OCTOBER 25, 1905.

ACTION in equity for specific performance of a contract
to convey an interest in real estate. The plaintiff appeals.
— *Modified and affirmed.*

*J. C. Mabry, Clark & McLaughlin,* and *James C. Davis,*
for appellant.

*T. B. Perry,* for appellees.

BISHOP, J.— The defendants, husband and wife, in
October, 1889, entered into an agreement in writing with
one Cobbs wherein they granted to him the right and privi-
lege upon terms and conditions specified to purchase the
coal and minerals underlying the lands in question; such
privilege to continue in force until January 1, 1900. Among
the provisions of the writing are these: " Notice of the de-
termination of the second party to make purchase shall be
given in writing to first party on or before the expiration
of said period, as aforesaid. . . . The second party
shall not be bound to make any tender of the purchase price,
but the same shall be paid to the first party upon delivery
to the second party of a warranty deed to said coal and other
mineral, as aforesaid. . . . An abstract of title show-
ing perfect title shall be furnished by first party." Cobbs
assigned the contract to the plaintiff company, and on De-
cember 16, 1899, plaintiff served notice in writing upon
defendants of its election to purchase the property. The
notice closes thus: "And you are requested to make and
deliver to the Consolidated Coal Company your good and
sufficient deed of said land, with an abstract of title, show-
ing perfect title, as provided in said option."

Plaintiff alleged a failure of compliance with said notice, and demands a decree accordingly. Defendants in their answer filed August 18, 1903, deny that they have refused or made any objection to the execution of a deed as called for by the option contract. It is then alleged by them that at a meeting between themselves and B. C. Buxton, the superintendent of the plaintiff company, had on December 30, 1899, said Buxton tendered a deed to them for execution, but that they refused to do so, for the reason that the provisions therein contained did not conform to the provisions of the option contract; and they say that at no time since has the plaintiff informed them of its willingness to accept any other kind of a deed than the one thus presented. Further answering, the defendants aver a readiness on their part to execute a deed conforming in its provisions to the option contract, and upon payment of the contract price, with interest, from December 30, 1899. In a reply plaintiff alleges frequent oral requests and one written request for a deed executed in accordance with the contract of option. Upon the trial in the court below, the decree provided for the execution and delivery of a deed by defendants, and specifying the terms and conditions to be inserted therein, and further provided that plaintiff should pay the contract price, with interest, from December 30, 1899, as prayed by defendants. No mention is made of an abstract of title in the decree. The appellant, plaintiff, complains of so much of the decree only as provides for the payment of interest, and for that it ignores the contract provision for an abstract of title.

It is sufficient to say in respect of the evidence that it fairly tended to support the allegations of the respective parties. And, such being true, we think the contentions of 1. VENDOR AND VENDEE: delivery of deed: interest on purchase price. appellant must be sustained. Under the contract it was not for the plaintiff to present a deed for execution. From the day notice of election was served, it was for the defendants to execute and

stand ready to make delivery thereof upon payment of the purchase price. Conceding, therefore, as we may, that the deed tendered for execution by Buxton did not conform to the contract, this can avail defendants nothing. They should have presented a deed of their own making. Having gone their way and remained silent upon the mistaken theory that they could not be called to act until plaintiff presented them with a deed which met their notion of the requirements of the contract, there is no principle upon which they can be permitted to recover interest covering the period of their own default. *School District v. Rogers,* 8 Iowa, 316; *Zebley v. Sears,* 38 Iowa, 507; *Minard v. Beans,* 64 Pa. 413; *Railway v. Railway,* 162 Ill. 632, 44 N. E. Rep. 823, 35 L. R. A. 167.

The contract called for an abstract of title to be furnished with the deed, and the provision cannot be ignored. 1 Am. & Eng. Ency. 213. The failure to make

2. ABSTRACT OF TITLE. requirement therefor in the decree was evidently an oversight. The decree will be modified in the respects indicated, and otherwise it will stand affirmed. The costs of this appeal will be taxed to the appellees.— *Modified and affirmed.*