NASH *v.* MORRELL.

JUDGMENT—RES JUDICATA—REFORMATION OF INSTRUMENTS—JUS-
    TICES OF THE PEACE—REPLEVIN—EQUITY—MISTAKE — CHATTEL
    MORTGAGES.
    The judgment of a justice of the peace in replevin, determin-
        ing that plaintiff mortgagor was not entitled to the posses-
        sion of the chattels mortgaged, because of defects in the in-
        strument and of a mistake in the mortgage note as to the
        payee, *is not conclusive of a suit in equity brought thereafter
        to correct the errors and to foreclose upon the security.*

Appeal from Allegan; Padgham, J.    Submitted April 8, 1912.    (Docket No. 63.)    Decided October 1, 1912.

Bill by Helen Nash against Marion E. Morrell and others to correct and foreclose a note and chattel mortgage.    From a decree for complainant, defendants appeal. Affirmed.

*Charles Thew*, for complainant.

*W. J. Barnard* and *W. R. Gardner*, for defendants.

McALVAY, J.    The bill of complaint in this cause was filed against defendant Morrell and wife for the purpose of reforming, correcting, and foreclosing a certain chattel mortgage, executed by them upon certain personal property, and for injunctive relief against all of the defendants.    Defendant Warner is joined for the reason that some of this property was transferred to him by the other defendants after such mortgage was executed and recorded.

The facts relied upon by complainant to sustain her contention in this case are:    That her husband, William A. Nash, had certain dealings with defendants Morrell out of which said defendants became indebted to Nash in the sum of $75, for which a note was to be given, with a chattel mortgage to secure the same, with interest at 7 per cent., payable one year after date; that the note and mortgage were drawn to William A. Nash; that before they were signed by Morrell and his wife, Nash, who drew the papers, remembered that under the law it was necessary for the mortgagors to make affidavit that it was made in good faith for an actual and adequate consideration, before the same could be received for record, which required the services of a notary public; that he was the only notary available, and he informed the defendants Morrell and wife of that fact, and it was mutually agreed between the parties that the name of the payee and mortgagee in the note and mortgage be changed from "W. A." to

"Helen" Nash; that the change was made in the mortgage, but by mistake and oversight the change was not made in the note; that afterwards said defendants signed both papers and also copies of the same, and they were delivered at the time. Complainant contends, also, that the amount of the consideration, which was omitted in the chattel mortgage, which should have been stated at the sum of $75, the same as in the note, was by mistake and inadvertence omitted. There is no dispute in the record that this note and mortgage were executed by these defendants at this time, or that the amount of $75 was a valid consideration, or that such indebtedness has not been paid.

Defendant Morrell and wife answered the bill of complaint, denying the claimed mistakes alleged therein and any indebtedness to complainant, but admitting that they were indebted to W. A. Nash in the sum of $75, with interest, alleging that the change made in the mortgage was made without their knowledge and after execution and delivery, and also that other property, without authority, was inserted therein after such execution; and they set up that a certain judgment rendered by a justice of the peace, wherein complainant was plaintiff, and brought in replevin for the recovering of this property against these defendants, is *res adjudicata*. The testimony in the case was taken in open court, and a decree was entered, granting to complainant the relief sought.

Defendants have appealed to this court, asking a reversal of this decree. Their entire argument is based upon the contention that the judgment in justice's court, which was not appealed from, is *res adjudicata* in this suit.

The entire record of the justice's court in the replevin case is not printed; but there seems to be little dispute as to what occurred in that case. This record shows that testimony relative to the facts claimed by complainant in this suit concerning mistakes, omissions, and alterations in the instruments was introduced in that court; but in our opinion that would not be conclusive of the question

raised. The only material fact before the justice's court to be established by the plaintiff in order to recover in replevin was her right to the possession of the property described at the time suit was brought. It was found by the justice that she was not entitled to such possession, and judgment was rendered against her, as the record reads, "on account of the inefficiency of the chattel mortgage forming the base of this action," and a return of the property was ordered. Whatever reason the justice may have given for his conclusion is immaterial. If the claim of the complainant in the instant suit was within the jurisdiction of that court to take cognizance of and determine upon the merits, the judgment rendered would be conclusive and *res adjudicata.* That was an action at law, in which the plaintiff's claim depended upon the contents of a note and chattel mortgage offered in evidence.

It appears in the instant case that the claim of complainant is of a purely equitable character, which could not have been considered or determined by a court at law. She seeks by this suit to reform and correct mistakes made in the two instruments and to foreclose the chattel mortgage. It goes without saying that no such relief could have been granted by the justice's court. It follows that the judgment of the justice's court is not *res adjudicata* in the instant case. Upon this proposition, as far as we have been able to discover from the authorities, in cases where claims or defenses which are of a purely equitable character, and therefore not properly cognizable at law, a judgment at law cannot be pleaded as *res adjudicata* in a suit in equity instituted to establish equitable rights. 23 Cyc. pp. 1222, 1317, 1172, and cases cited; *Hawley* v. *Simons,* 102 Ill. 115; *Harper* v. *Campbell,* 102 Ala. 342 (14 South. 650), cited and approved in *Smart* v. *Kennedy,* 123 Ala., at page 629 (26 South. 198), later reaffirmed in *Southern R. Co.* v. *Cowan,* 129 Ala. 586 (29 South. 985); *Hills* v. *Sherwood,* 48 Cal. 386; *Arnold* v. *Grimes,* 2 Iowa, 1; *Love* v. *Belk,* 36 N. C. 163; *M'Clain* v. *French,* 3 T. B. Mon.

(Ky.) 385; *Burchet* v. *Faulkner*, 1 Dana (Ky.), 99; *Conn* v. *Bernheimer*, 67 Miss. 498 (7 South. 345); *Dawson* v. *Parham*, 55 Ark., at page 291 *et seq.* (18 S. W. 48), and cases cited; *Appleton* v. *Harwell*, 3 Cooke (Tenn.), 241; *Bryant* v. *Hunter*, 3 Wash. (C. C.) 48, Fed. Cas. No. 2,068. The rule was recognized in *Dunham* v. *Downer*, 31 Vt., at pages 256, 257.

We have examined all of the evidence in the case, and agree with the learned trial judge that the evidence of the complainant entitled her to the relief prayed for. The decree of the circuit court is affirmed, with costs against appellants, and the case will be remanded to that court for the purpose of executing such decree.

MOORE, C. J., and STEERE, BROOKE, and STONE, JJ., concurred with McALVAY, J.

OSTRANDER, J. It is clear that complainant is granted relief, not under the mortgage and note relied upon in the replevin suit, but under a different (reformed) note and mortgage. The issue presented is not the one presented and determined in the replevin suit, and, as Justice Mc-ALVAY has stated, could not have been determined in that suit. This disposes of appellants' contention that the matter is *res adjudicata*, and is, it seems to me, the ground upon which affirmance of the decree should rest.

BIRD, J., did not sit.