ADAMS *v.* FOSTER *et al.*

FISH, C. J. On May 27, 1903, articles of agreement were entered into by Mrs. Stevens and Mrs. Adams as to the sale of a described house and lot by the former to the latter. The agreed value of the property was $2,500. It was incumbered by a mortgage for $1,500, the payment of which Mrs. Adams, for some reason not appearing, was unwilling to assume. As to the purchase-money, it was agreed that $300 should be paid cash, $300 within ten days, and that Mrs. Adams should give to Mrs. Stevens a series of notes each for $25, carrying interest from date at 7 per cent., payable monthly and aggregating $400. The bond for title, given by Mrs. Stevens to Mrs. Adams, stated that Mrs. Stevens obligated herself to pay the debt secured by the mortgage within six months from date, May 27, 1903, and that: "When this said mortgage shall

have been paid as above stated, then [Mrs. Adams] agrees to execute to Mrs. S. C. Stevens notes for said sum of $1,500.00, payable at the rate of $25.00 per month beginning with the month of October, 1905." There was nothing in the agreement as to interest on the $1,500, or on the notes to be given therefor. Mrs. Adams was given possession of the property at the time the agreement was entered into and has since retained it. She, in accordance with her obligation, made the first three payments, aggregating $1,000 of the purchase-money. Mrs. Stevens failed to comply with her obligation to have the property relieved of the mortgage lien within the six months. On November 22, 1905, not having paid the mortgage debt, she conveyed to Foster, "all right, title, and interest" she had in the property, "including the right to collect said $1,500.00 balance of purchase-money," with interest thereon, from Mrs. Adams. Foster paid the mortgage debt "in December, 1905." The rental value of the property was $14 per month. On December 13, 1910, an action was brought by Foster against Mrs. Adams to recover the property and mesne profits. The main issue made by the answer was what amount of interest, if any, the defendant should pay the plaintiff in order to have title to the property. *Held:*

1. The general rule, in cases for specific performance, to the effect that a purchaser in possession of the realty which is the subject-matter of a contract must pay interest on the unpaid purchase-money from the time when his possession commenced, is not applicable to this case under its facts; because the purchaser here was given possession by the vendor when the contract for sale was entered into, and the presumption is fair that this fact was considered in reaching the agreement as to the price; moreover, the purchaser was, by the terms of the contract, under no obligation to pay more than $1,000 of the purchase-money until after the property should be relieved of the mortgage incumbrance, and, if no indebtedness, no interest.

2. As the purchaser was under obligation, upon the removal of the incumbrance, not then to pay $1,500, the balance of the purchase-money, but to give to the vendor a series of notes aggregating that sum, each for $25 and payable monthly, and as the incumbrance was not removed until some indefinite time in December, 1905, the purchaser is liable for $1,500 and interest at the rate of 7 per cent. per annum on $25 from January 1, 1906, and on $25 from the first day of each of the next fifty-nine succeeding months. See Ware *v.* Lippincott, 45 N. J. Eq. 220 (16 Atl. 684); Howell's Estate, 224 Pa. St. 415 (73 Atl. 445); McKennan *v.* Sterrett, 6 Watts (Pa.), 162; Folmar *v.* Carlisle, 117 Ala. 449 (23 So. 551); Consolidated Coal Co. *v.* Findley, 128 Iowa, 696 (105 N. W. 206).

*Judgment reversed. All the Justices concur.*

FEBRUARY 27, 1914.

Complaint for land. Before Judge Ellis. Fulton superior court, September 10, 1912.

*J. B. Stewart,* for plaintiff in error.

*Etheridge & Etheridge,* contra.