ENO, Respondent, v. KNOX, Appellant.

(184 N. W. 206.)

(File No. 4927. Opinion filed August 15, 1921.)

**Pleadings—Recovery of Damages by One of Two Purchasers for Breach of Contract—Defect of Parties Plaintiff—Joint Contract—Demurrer Sustained—Statute.**

The demurrer to a complaint by one of two persons between whom and defendant there is alleged a contract existed for sale of realty, was properly sustained for defect of parties plaintiff; an automobile having been turned in by the land purchasers in part payment, the contract stipulating for separate notes and later for separate mortgages securing balance of purchase money, with a provision for forfeiture by defendant of the contract at his option if either purchaser failed to duly make such payments, and to retain amounts paid as liquidated damages, and in case defendant failed to deliver deed as provided

he should return the automobile to purchaser with a specified cash payment to cover depreciation in its value, deed not having been delivered nor automobile returned; suit being to recover $600 alleged to be value of plaintiff's interest in the automobile and $100 damages for failure to deliver deed. **Held,** further, that the contract was joint and could only be performed jointly, and any damages accruing to plaintiff and co-purchaser accrued to them jointly; construing Sec. 2313, Code 1919, providing that all persons having interest in such action and in relief demanded may be joined as plaintiffs, and Sec. 2315, providing that those united in interest must be joined as plaintiffs or defendants, but if consent of any one who should be joined as plaintiff cannot be obtained he may be made defendant, the reason thereof being stated in complaint; no reason having been alleged in complaint.

Appeal from Circuit Court, Minnehaha County. Hon. LOUIS L. FLEEGER, Judge.

Action by L. L. Eno, against C. E. Knox, to recover damages for breach of contract for sale of realty. From an order overruling a demurrer to the complaint, defendant appeals. Reversed.

*Bates, Johnson & Simons,* for Appellant.

*Keith & Luddy,* for Respondent.

Appellant submitted that: The action is personal in nature of trover to recover one co-tenant's share of damages alleged to have been sustained by reason of conversion of said automobile by defendant, and it will not lie; citing 7 R. C. L. 909; Bliss on Code Pl., 2nd ed., 24; Pomeroy's Code Remedies, 3rd ed. Secs. 221, 223; Clapp v. Pawtucket Institution for Savings (R. I.) 2 A. S. R. 915.

Respondent submitted that: This is an action for breach of contract, and mere fact that the automobile was given in first payment does not, nor does the complaint, warrant supposition that an action is brought sounding in tort for conversion; citing Secs. 889, 890, 272, Code 1919.

POLLEY, P. J. This action is brought to recover damages for breach of contract to convey title to real estate. Defendant demurred to the complaint on the grounds:

"That there is a defect of parties plaintiff," and "that the complaint does not state facts sufficient to constitute a cause of action."

The demurrer was overruled and defendant appeals.

The demurrer should have been sustained on the first ground. By the terms of the contract out of which the controversy arose defendant agreed to sell and convey a quarter section of land to plaintiff and one McMahon. The consideration was $2,000, to be paid as follows: At the time of making of the contract plaintiff and McMahon delivered to defendant a certain automobile, which was accepted by defendant at the agreed price of $1,000, and as payment of $1,000 on the purchase price of the land. The balance of the purchase price was to be paid as follows: On the 1st day of August, 1919, said McMahon and plaintiff were each to give defendant a note for $250, at which time defendant was to give plaintiff and said McMahon a good and sufficient warranty deed to the said land free and clear of all incumbrances. At a still later date plaintiff and said McMahon were each to give defendant a mortgage on the land for a similar amount. The contract further provides that, in case plaintiff or the said McMahon failed to make any of the said payments when due, the defendant could at his option forfeit the contract and retain all sums that had been paid as liquidated damages. The contract further provides that, in case defendant should fail to deliver the deed as above provided on the 1st day of August, 1919, defendant should return the said automobile to plaintiff and said McMahon, together with $75 in cash to cover depreciation on the value of the car. The deed to the property was not delivered to plaintiff and McMahon on the 1st day of August, 1919, nor at all, nor did defendant return the automobile, or pay the $75 for the depreciation thereon. Plaintiff alone then commenced this action to recover $600, alleged to be the value of his interest in the automobile, and $100 that he claims to have been damaged because the deed to the land was not delivered as provided for in the contract.

The contract on behalf of plaintiff and McMahon was a joint contract and could only be performed jointly. Under the terms of the contract, neither of them could have paid one-half of the purchase price and compelled defendant to deed him a half interest in the land. When defendant failed to perform the contract on his part, any damage that accrued to plaintiff and McMahon accrued to them jointly.

Section 2313, Code 1919, provides that—

"All persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs, except as otherwise provided in this chapter."

Section 2315 provides that—

"Those who are united in interest must be joined as plaintiffs or defendants; but if the consent of any one who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason therefor being stated in the complaint. * * *"

Plaintiff and McMahon are united in interest, and should have been joined as plaintiffs, unless for some reason McMahon refused to join as plaintiff, in which case the reason for his non-joinder should have been stated in the complaint. There is clearly a defect of parties plaintiff, and the demurrer should have been sustained.

The order appealed from is reversed.