### A. D. REYNOLDS v. EDWARD LYNCH.[1]

May 11, 1906.

Nos. 14,659—(43).

**Rescission of Contract by Vendee.**

The parties hereto entered into a contract whereby the defendant, in consideration of $500 paid by plaintiff, agreed to sell to him certain land at any time within ninety days upon his complying with the terms of the sale, and further to furnish him with abstracts of title within a limited time before the option expired. This the defendant failed to do, and the plaintiff rescinded the contract, and brought this action to recover the amount paid. *Held,* the trial court did not err in receiving the contract in evidence.

**Abstract of Title.**

The covenant of the defendant to furnish the abstracts was not an independent one, but an essential and material part of the contract, and its performance by the defendant necessary to enable the plaintiff to intelligently exercise his option for the purchase of the land.

**Right to Rescind.**

The plaintiff upon the breach of the covenant to furnish the abstracts of title had a right to rescind the contract and sue for the amount paid thereon. He did so within a reasonable time after the breach of the defendant's covenant.

Appeal by defendant from an order of the district court for St. Louis county, Dibell, J., denying a motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

*Davis & Hollister,* for appellant.

*Lewis E. Jones,* for respondent.

START, C. J.

Action in the district court of the county of St. Louis to recover $500 paid by the plaintiff to the defendant as earnest money on a contract giving the plaintiff the option to purchase certain land at the price and within the time stated in the contract. On the trial and at the close of the evidence the trial court instructed the jury to return

[1] Reported in 107 N. W. 145.

a verdict in favor of the plaintiff for the amount claimed, and the defendant appealed from an order denying his alternative motion for judgment notwithstanding the verdict or for a new trial.

On July 25, 1904, the parties hereto entered into a contract which is designated in the record as Exhibit A, whereby the defendant, in consideration of $500 then paid to him by the plaintiff, granted to the plaintiff an option for ninety days from the date thereof to purchase the land described in the complaint, aggregating some eight thousand acres for the sum of $7,774.99. The contract provided that if the sale was concluded the $500 should apply on the purchase price. There was, however, no express provision as to the return of the $500 in case the defendant failed to perform the terms of the contract on his part. The defendant agreed as a part of the contract to deliver, at his office, in the city of Duluth, within sixty days from the date of the contract, to the plaintiff, complete abstracts of title of the land with certificates as to taxes and judgments.

The evidence established these facts: Complete abstracts of the title of the land were to be ready for the plaintiff on September 23, 1904. Some thirty three incomplete abstracts were in the defendant's office on the day last named but were not called for, and eighteen of them were sent to the plaintiff's agent at Chicago, and were received by the plaintiff personally on October 15. Three days thereafter he went to Duluth with a certified check to close the purchase. He saw the defendant at his office on October 20 and talked with him about the purchase of the land but nothing was said about the abstracts. The balance of the abstracts were delivered to the plaintiff the next morning about ten o'clock. He kept them until late in the afternoon of that day when for the first time he objected that they were not brought down to date. No objection was made that the title to the land was not in the defendant, nothing was said between the parties as to the actual state of the title. None of the abstracts had then been brought down to the date of the contract. The defendant afterwards had them certified under date of October 21, 1904, but there were no judgment and tax certificates. There was a dispute between the parties as to the sufficiency of the abstracts, the defendant insisting that they were sufficient. There was talk of extending the

option, which expired on October 23, 1904, but this the defendant refused to do except upon the payment of $500. The defendant refused to extend the option or to give the plaintiff additional time to examine the abstracts and notified him that the abstracts, with a contract for the conveyance of the land, would be in his office October 23, 1904, and that the plaintiff could come in, pay the money called for by the terms of the original contract and get them. This the plaintiff did not do, but demanded the payment of the $500 paid for the option, which was refused, and he brought this action.

1. The first contention of the defendant is that the trial court erred in receiving in evidence Exhibit A, over his objection that it was incompetent, irrelevant, and immaterial, and not admissible under the pleadings.

The complaint alleged that the parties, on July 25, 1904, the date of Exhibit A, entered into a contract by the terms whereof the defendant, in consideration of $500 paid to him by the plaintiff, agreed to sell to him certain land in the county of St. Louis, Minnesota. The complaint then alleged the terms of the contract according to their legal effect. The special point of the defendant's objection is that Exhibit A was not admissible under the pleadings, that the complaint alleged a contract to sell while the contract offered and received in evidence, was a ninety-day option to enter into a contract to sell. It is quite clear that by Exhibit A the defendant agreed to sell the land if the plaintiff elected to purchase and complied with the terms of the contract within the time limited. No claim is made that any prejudice resulted to the defendant by the supposed variance between the allegations of the complaint and Exhibit A, and it is apparent from the record that he was not so prejudiced. The defendant, however, claims that it was not a case of variance but of a failure of proof. We hold otherwise and further that the contract was properly received in evidence.

2. The next contention of the defendant is that the agreement to furnish abstracts of the title of the land was an independent covenant, a breach of which gave the plaintiff no right of rescission, his remedy for such breach being an action for damages.

The question whether covenants are to be held to be dependent

on or independent of each other turns upon the intention of the parties to be ascertained from the subject-matter and terms of their contract. Such intention is paramount to which, when once discovered, all technical forms of expression must yield. 3 Page, Cont. § 1452; 11 Cyc. 1053. Applying this test to this contract it is clear that the covenant of the defendant to furnish the abstracts within sixty days was not an independent one but an essential and material part of the contract.

The subject-matter of the contract was the proposed purchase of a large tract of land by the plaintiff if he so elected within ninety days. He could not intelligently exercise the option without knowing the state of the title to the land. This could only be ascertained by the examination of a large number of abstracts by a lawyer or other competent party. The manifest intention of the parties, as disclosed by their contract, was that the covenant as to furnishing the abstracts was not to be regarded as an independent one, a breach of which might be compensated by an action for damages. Nothing could be more foreign to the intention of the parties, as disclosed by their contract, than that if the defendant failed to keep his covenant as to furnishing the abstracts the plaintiff nevertheless must either forfeit the $500 paid for the option or consummate the purchase without knowledge whether or not he was getting any title to the land, and content himself with damages for a breach of the covenant if he could establish any. Even if it be conceded that time was not of the essence of the covenant to furnish the abstracts, yet the defendant was bound to furnish them within a reasonable time so that the state of the title could be determined in time to enable the plaintiff intelligently to exercise his option.

3. It is further urged by the defendant that if the covenant to furnish the abstracts was not an independent one but an essential and material part of the contract, the plaintiff could not rescind because he could not restore what he had received by virtue of the contract.

True it is that the plaintiff by virtue of the contract had the option to purchase the land upon the terms therein stated at any time during the ninety days. The argument urged by defendant's counsel in

support of his proposition is ingeniously plausible, but it is unsound. The general rule that one who has received substantial benefits from a contract must restore them as a condition precedent to its rescission rests upon the maxim that he who seeks equity must do equity. Clearly then the rule cannot be invoked by the party whose own breach of the contract neutralized the tentative benefits received by the opposite party who cannot return them, and who cannot be adequately compensated for the breach in an action for damages. Now in this case the defendant was bound to sell the land if the plaintiff elected to purchase it within the time limited by the contract. The defendant covenanted that he would, as a condition precedent, furnish abstracts of title to enable the plaintiff intelligently to exercise his option. This condition the plaintiff failed to perform, whereby any tentative benefits received by the plaintiff were neutralized, and he rescinded the contract and demanded the repayment of the money paid for the option. But it is urged that until there was a rescission the defendant was bound by the contract and during that time he lost the right to offer the land for sale and that what he so lost cannot be restored to him. True, but if he had kept his part of the contract he would either have received the balance of the purchase price of the land or the right to retain the $500 paid for the option. Therefore if he loses anything by the rescission it is due to his failure to perform his own covenant. We hold that the plaintiff had a right to rescind the contract and sue for the amount paid by him thereon.

4. The last claim urged by the defendant is that the plaintiff waived his right to rescind the contract, if any he had, by an unreasonable delay in exercising the right. We have considered this claim and tested it by the record. We are of the opinion that the plaintiff exercised his right to rescind within a reasonable time after the defendant's failure and refusal to furnish proper abstracts of the title to the land, with judgment and tax certificates in accordance with his covenant so to do.

Order affirmed.