## INK et al. v. ROHRIG.

Whether covenants in a contract are dependent or independent is to be determined according to the intention of the parties as appears from the instrument, and in cases of doubt they will be construed as dependent.

A land contract provided that the first party (vendors) covenanted and agreed that, if the second party (vendee) should "first" make payments and perform the covenants mentioned on his part, the vendors would convey by warranty deed and abstract showing perfect title the following described premises, followed by a provision binding the vendee to pay the consideration in a specified manner. **Held,** that the vendee's covenant to pay was dependent and concurrent with the vendors' covenant to convey, and hence the vendors could not recover damages for the vendee's alleged breach of contract without tendering a deed and an abstract showed a valid title.

(Opinion filed, Sept. 3, 1909.)

Appeal from Circuit Court, Davison County. Hon. FRANK B. SMITH, Judge.

Action by C. M. Ink and another against Henry Rohrig. Judgment for defendant, and plaintiffs appeal. Affirmed.

_T. J. Spangler_, for appellants. _Preston & Hannett_, for respondent.

WHITING, J. This action was brought by plaintiffs and appellants to seek to recover damages for breach of contract for the sale and purchase of land; it being alleged by plaintiffs that they entered into a written contract with the defendant to sell to defendant certain lands, that they had at all times been ready and willing to carry out said contract, and that they had tendered ab-

stract showing perfect title to the lands, as well as deed thereto running to defendant, and had duly performed all conditions of said contract. They further alleged that the contract price of said land was $40 per acre, and the real value of the same $35, and sought to recover damages in the sum of $5 per acre. The defendant, answering, admitted the execution of the contract, and claimed that he had at all times been ready and able and willing to perform his part of the same, but that plaintiffs had refused to carry out and perform the conditions of the same on their part. It is unnecessary to recite the contract in full; the parts material to our consideration being as follows: "Witnesseth, that the said parties of the first part hereby covenant and agree that, if the party of the second part shall first make payments and perform the covenants hereinafter mentioned on his part to be made and performed, the said parties of the first part will convey by warranty deed and abstract showing perfect title the following described premises, to wit: * * *. And the said party of the second part hereby covenants and agrees to pay the said parties of the first part the sum of twelve thousand eight hundred dollars, in the manner following: Two hundred dollars cash in hand paid, the receipt whereof is hereby acknowledged, and the balance, five thousand dollars ($5,000), the fifteenth day of November, 1905, in cash; seven thousand six hundred dollars ($7,600), by the execution of note and first mortgage covering the above description, for five years, at 6 per cent., with the privilege of paying one hundred dollars or any multiple thereof on any interest pay day, with interest at the rate of 6 per centum per annum, payable annually."

While there are numerous assignments of error, yet, under the view which we take of the construction which should be placed upon the contract, it will be necessary to consider but one feature of the case. When plaintiffs rested their case in chief, the court, on defendant's motion and over the objection of the plaintiffs, directed the verdict in favor of the defendant. The theory upon which the court made its various rulings, and which is relied upon by respondent, is that in the contract in question, the covenant to make the payment of $5,000 and give the note and mortgage, was not independent of, but was dependent on, plaintiffs' covenant to furnish

an abstract showing perfect title and to give warranty deed. On the other hand, it is the contention of the plaintiffs that, although in their complaint they pleaded the furnishing of the abstract showing perfect title, yet as a matter of law under the contract the covenant to make the payment of $5,000 and to give the note and mortgage was independent of the covenant to furnish abstract and give deed, and that, being independent, plaintiffs could sue to recover damages for breach of contract, although plaintiffs had never furnished the abstract. All of the rulings of the court complained of are correct, if respondent is right in his contention as to the construction to be placed on the contract; and, on the other hand, reversible error was committed by the court, if the plaintiffs are correct in their interpretation of this contract. Therefore the only thing necessary for us to consider .is whether or not the abovementioned covenants in said contract are dependent the one on the other.

Plaintiffs seem to rely entirely upon the word "first," found in the said contract wherein it provides that, if the defendant should first make the payments, etc., then plaintiffs would convey and furnish abstract. We do not think, however, that the use of this word is controlling. The universal rule laid down under the authorities concerning the construction of covenants in contracts, as to whether they are dependent or independent, is that the relation of covenants is to be determined according to the intention and meaning of the parties as the same appears in the instrument, and by the application of common sense to each particular case, to which intention, when once discovered, all technical forms of expression must give way. 11 Cyc. 1053; 29 Am. & Eng. Ency. of L. 604. It is further held under the authorities that in case of doubt the courts will construe such covenants as dependent, rather than as independent. In the case of Bank v. Hagner, 1 Pet. 464, 7 L. Ed. 219, the Supreme Court said: "In contracts of this description, the undertakings of the respective parties are always considered dependent, unless a contrary intention clearly appears. A different construction would in many cases lead to the greatest injustice, and a purchaser might have payment of the consideration money forced upon him, yet be disabled from procuring the property for which he paid it. Al-

though many nice distinctions are to be found in the books upon the question whether the covenants or promises of the respective parties to the contract are to be considered independent or dependent, yet it is evident the inclination of courts has strongly favored the latter construction, as being obviously the most just. The seller ought not to be compelled to part with his property without receiving the consideration; nor the purchaser to part with his money without an equivalent in return." In the case of Glenn v. Rossler, 156 N. Y. 161, 50 N. E. 785, the contract in suit provided, among other things, as follows: "The party of the first part shall, after the payments mentioned herein are fully made on this contract, at their own proper cost and expense, execute and deliver to the said party of the second part a good and sufficient warranty deed of said premises, and at the time deliver to the second party a tax and title search made by one of the guaranty search companies of the city of Buffalo, showing good and perfect title." And in considering the same the court, after approving the case of Bank v. Hagner, supra, says: "An application of these principles renders it quite evident that, although a literal reading of a portion of the agreement may tend to sustain the contention of the appellants, still, when the whole agreement is read and properly construed, the payments due October 1st and the giving of the deed were intended to be dependent and concurrent acts. The plain inference to be drawn from all its provisions is that the deed was to be executed and delivered at the time of the payment of the amount due October 1st. No fair reading of it would justify the conclusion that the payment of the entire consideration then due, amounting to many thousands of dollars, was to precede the transfer of the title."

In the case of Parker v. Parmele, 20 Johns. 130, 11 Am. Dec. 253, the contract provided for certain payments to be made, and then the vendor covenanted that upon the full performance of the covenants as to payments he would execute to the defendant a good warranty deed of conveyance of the premises, and the court held the covenants dependent.

In the case of Arnett v. Smith, 11 N. D. 55, 88 N. W. 1037, cited in appellants' brief, the court held the covenants of the con-

tract in question to be dependent, the contract being almost identical wth the contract before us, with the exception of the word "first"; the same being omitted in the North Dakota contract; but under the rule stated in the above authorities, and for the same reasons given in the cases above cited, we think that the mere use of the word "first" cannot be held to make the covenant of payment independent. It certainly should take strong language to justify a court in holding that a purchaser could be compelled to pay the entire purchase price, amounting in this case to several thousand dollars, receiving nothing in return save the bare promise of the vendor that he would thereafter within a reasonable time furnish deed and abstract, and we do not believe that it was ever the intention of the parties to this contract, who under the covenants it appears were strangers to one another until just before the contract was executed. There can be no question but that the covenant to furnish an abstract is an essential part of a contract of this nature, and that payment of the consideration is as much dependent upon the performance of this covenant as upon a covenent to give deed. 6 Current Law, 1791; Consolidated Coal Co. v. Findley, 128 Iowa, 696, 105 N. W. 206; Reynolds v. Lynch, 98 Minn. 58, 107 N. W. 145.

The appellants contend that there is a distinction between actions brought to recover the contract price and actions brought to recover damages for breach of contract, and that, while full performance of the covenants on the vendor's part must be pleaded and proven in an action to recover the contract price, yet that the same rule does not hold where the suit is brought to recover damages. In this appellants are certainly wrong. The action for damages cannot be brought until the defendant is in default, any more than to recover the purchase money. It certainly would be an anomaly if one, before he had placed himself in a position where he could say to another, "You are in default, and are liable on your covenants to pay the amount provided therein," still could say, "Although not in default, you have broken your contract and are liable for damages under such contract." In the case of Shinn v. Roberts, 20 N. J. Law, 435, 43 Am. Dec. 636, the court, citing the case of Bank v. Hagner, supra, and other cases, says: "The vendor

cannot bring his action for breach of the contract, without first having executed and tendered the conveyance, unless the purchaser had discharged him from so doing; and an averment of such tender must be made in the declaration, and must be supported by proof." See, also, 11 Cyc. 1055.

The judgment of the trial court, and the order denying a new trial herein, are affirmed.