HAUERT, Respondent, v. KAUFMAN, et al., (RARDIN, Appellant.)

(186 N. W. 555.)

(File No. 4993.  Opinion filed January 30, 1922.)

1. Pleadings—Demurrer—Quieting Title, Defense of Performance Under Purchase Contract With Tender for Specific Performance, Amendment Embodying Counterclaim, Demurrer Thereto—Scope of Demurrer and Relief Depending on Whether Covenants Dependent or Independent.

In a suit to quiet title to realty, complaint alleged a contract of sale to defendant K, involving part payment and securities for balance, and assignment of contract from K to defendant R and that any rights defendants had were forfeited, defendant R denying default, and counterclaiming under the contract and asking for specific performance, making tender therewith. On the trial defendant was allowed to amend his answer and withdraw a tender and by changing his prayer to a demand for $1000 paid under the contract; to which amended answer demurrer was interposed and sustained, defendant announcing he would stand on his pleading. Thereafter in absence of R's counsel, evidence was received under the complaint, and findings and judgment following, the judgment reciting "and having sustained plaintiff's objections to the answer and counter-

.claim." **Held,** that the real question presented by the demurrer was whether the covenants, on one side to pay, and on the other to convey, were dependent or independent; if dependent, then under the facts pleaded in the answer, plaintiff could not declare defendant R's rights forfeited, and R was entitled to relief originally prayed for—specific performance; while if plaintiff wrongfully sought to terminate the contract, R could elect to treat same as mutually abandoned and to recover the $1000; and, both parties having failed to comply with their part of the agreement, and, time being of essence of contract, it is ended, the part payment remaining in plaintiff's hands as money had and received from defendant R, subject to be recovered by R herein.

2. **Vendor and Purchaser—Sale of Realty—Part Payment, Vendee's Assignment of Contract, Default Re Future Payment, Vendor's Suit to Quiet Title, Defense of Readiness to Perform, Changed to Prayer for Recovery of Payment Made, Whether Mutual Covenants to Pay and Convey Dependent, Effect Re Vendee's Right to Demand Repayment.**

Under a contract for sale and conveyance of realty, with initial part payment and provision for future payment, vendee K having assigned the contract to R, vendor suing to quiet title and declaring a forfeiture re second payment, defense denying default and counterclaiming under the contract for specific performance with tender; tender having been withdrawn on trial and R's prayer for relief changed to demand for judgment of $1000 paid at date of contract; judgment having been rendered by plaintiff on trial, R appealing; **held,** that the covenant of plaintiff to convey, and that of R to pay balance of purchase money, were dependent; that the covenant making time of essence of contract simply placed burden upon each party of their timely compliance with their respective covenants; and the dependence of latter was not affected by said provision, hence, if vendor did not tender deed R was not in default, and vendor's treatment of contract as terminated was wrongful, and R could treat contract as wrongfully rescinded by vendor, and might demand repayment of all moneys paid thereunder.

Appeal from Circuit Court, Aurora County. Hon FRANK B. SMITH, Judge.

Action by Louis H. Hauert, against Henry Kaufman and M. J. Rardin, to quiet title to realty, defendant Kaufman, as assignee of the sale contract, counterclaiming for recovery of payment made thereunder. From a judgment for plaintiff, and from an order denying a new trial, defendant R appeals. Cause remanded

with directions to try out issues raised by counterclaim, and, if found in favor of appellant, to modify the judgment.

*Roscoe Satterlee,* for Appellant.
*Spangler & Wire,* for Respondent.

(1) To point one of the opinion, Appellant cited: Ink v. Rohrig, 23 S. D. 548; 39 Cyc. p. 1376. That defendant was entitled to recovery of the money paid under the contract, citing: Cleary v. Falger, 84 Cal. 316, 18 Am. St. Rep. 187.

Respondent cited: Warv. on Vend. 2nd Ed. 955, Sec. 813, Secs. 815-16.

WHITING, J. Plaintiff, the owner of a certain tract of real estate, entered into a contract with defendant Kaufman whereby, in consideration of $1,000 paid, the future payment of $5,000 and the giving of a note and mortgage for the balance of consideration, he covenanted and agreed to convey said land to Kaufman. Kaufman assigned said contract to the defendant Rardin. Subsequent to the date named in said contract for the payment of the $5,000 and giving of note and mortgage, plaintiff brought this action seeking to quiet title to the land, alleging ownership in himself, claim of title by the defendants under said contract, and that whatever rights defendants had had under such contract had been forfeited and terminated by their failure to comply with the terms thereof. Defendant Rardin answered, denying that he was in default, and, as a counterclaim, setting forth the contract; alleging that he had always been ready, able, and willing to comply with the terms thereof; setting forth facts which he alleged had prevented and excused his compliance therewith; and tendering performance. In this prayer for relief he asked for specific performance of the contract. To this answer a reply was interposed. When the cause was called for trial, defendant asked, and was allowed to amend his answer by withdrawing his tender of performance, and by changing his prayer for relief to one demanding judgment for the $1,000 that had been paid on the contract. This amendment was allowed; and plaintiff interposed a demurrer. The demurrer was sustained; and defendant announced that he would stand upon his pleading. Kaufman was in default. Later on, and in the absence of Rardin's counsel, the court received evidence in support of the complaint, and entered

findings, conclusions, and judgment. Rardin appeals from the judgment.

[1] There would seem to be some confusion, on the face of the record, as to the scope of the demurrer interposed. The demurrer itself purported to question the sufficiency of the answer both as a plea in defense and as a counterclaim; and the original judgment recites "and having sustained plaintiff's objections to the answer and counterclaim." The real question presented by the demurrer was whether the covenants, upon the one side, to pay, and, upon the other, to convey, were dependent or independent. If they were dependent, then, under the facts pleaded in the answer, respondent had no power to declare appellant's rights under the contract forfeited; and appellant was entitled to the relief originally prayed for—specific performance. But, if respondent wrongfully sought to terminate the contract, certainly appellant had the right to elect to treat the same as mutually abandoned and to recover the $1,000. There would thus be presented a situation analogous to that in Cleary v. Folger, 84 Cal. 316, 24 Pac. 280, 18 Am. St. Rep. 187, wherein the court said:

"As both parties have failed to comply with their part of the agreement, and, as we have seen, time being of the essence of the contract, the contract is at an end, the $900 remain in the hands of the defendant [plaintiff in present case] as money had and received from the plaintiff [defendant in this case], subject to be recovered by the plaintiff [defendant in this case]."

[2] Were the covenants dependent? The contract was identical, except as hereinafter noted, with that construed by this court in Ink v. Rohrig, 23 S. D. 548, 122 N. W. 594. We held the covenants therein dependent. But respondent urges that, because this contract contained a provision whereby it "was mutually agreed that time is an essential element in this contract," the decision in that case is inapplicable to this contract. The only effect of such covenant was to place the burden upon each party of complying with his covenants promptly upon the date fixed (Weitzel v. Leyson, 23 S. D. 367, 121 N. W. 868); the dependency of their respective covenants was not affected by the provision making time the essence of the contract. It follows that, if, as alleged by appellant, respondent did not tender the deed, appellant was never in default, and that, when respondent wrongfully sought

to treat the contract as terminated, appellant had the right to treat such contract as wrongfully rescinded by respondent and to demand repayment of all moneys that he had paid under same.

The cause is remanded, with directions to the lower court to try out the issues raised by the counterclaim, and, if such issues are found in favor of appellant, to modify its judgment by adding thereto a money judgment in favor of appellant.

Costs shall be taxed in favor of appellant.