YAROSH, Respondent, v. SANDERS, Appellant.

(187 N. W. 713.)

(File No. 5041.   Opinion filed April 10, 1922.)

**Vendor and Purchaser—Vendor's Inability to Convey Good Title—Delay Until After Suit Begun as Unreasonable Time—Sufficiency of Evidence.**

> Where vendor of realty agreed in writing to convey 80 acres of land for $15,600, on which $3900 was paid in cash, the balance to be paid about eight months later, vendee having tendered balance and demanded deed and abstract of title, with further written demand that if vendor was unable to convey forthwith per contract and furnish abstract showing good and merchantable title, demand of re-payment of the part payment was made; it appearing that vendor was unable until after suit begun for recovery of the part payment, to make good title; held, that, there being evidence to sustain finding that more than a reasonable time had elapsed within which vendor should have acquired title and the consequent detriment to vendee, judgment in favor of vendor is affirmed; and it becomes unnecessary to determine effect of absence from the contract of the clause making time of essence thereof.

Appeal from Circuit Court, Brule County.   Hon. FRANK B. SMITH, Judge.

Action by Joseph E. Yarosh, against C. E. Sanders, for recovery of part purchase money under a contract of sale of realty. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.   Affirmed.

*Spangler & Wire,* for Appellant.

*Brown & Brown,* for Respondent.

GATES, P. J.   On July 25, 1919, defendant entered into a contract in writing to convey to plaintiff 80 acres of land, partly within the townsite of Kimball, for the price of $15,600.   Of this

sum $3,900 was paid in cash and $11,700 was to be paid March 1, 1920, upon delivery of deed. The contract also provided that abstract of title should be furnished, showing a good and merchantable title. Defendant did not have title to the land, but had a contract for its purchase. On March 1, 1920, plaintiff tendered to defendant the sum of $11,700 and demanded deed and abstract of title and made this further demand in writing:

"If you are unable to convey said premises forthwith as required by said contract and to furnish said abstract, showing good and merchantable title forthwith, I hereby demand that you return to me the sum of three thousand nine hundred dollars ($3,900.00), which I paid under the terms of said contract on the 25th of July, 1919, together with legal interest thereon."

This action was begun April 2, 1921, to recover the $3,900. From a judgment for plaintiff and an order denying new trial, defendant appeals.

The trial court found that defendant had not, at the time of its decision, June 25, 1921, acquired title, and that more than a reasonable length of time had elapsed within which he should have acquired it, and that, between March 1, 1920, and the time of beginning the action, the value of the land had declined and at such later time was only $135 per acre.

It is defendant's contention that the title was perfected shortly after the beginning of this action and that, inasmuch as time was not the essence of the contract, defendant has not been in default, but that, if he was in default, it was waived by plaintiff. Upon the latter question there was a dispute in the evidence. We think it unnecessary to determine the effect of the absence of a "time essence of contract" clause in the contract. There was evidence to sustain the finding of the court that more than a reasonable time had elapsed within which the defendant should have acquired title, and the consequent detriment to plaintiff.

Upon that ground, the judgment and order appealed from are affirmed.