ONTJES, Appellant, v. THOMAS, Respondent.

(187 N. W. 726.)

(File No. 4970.   Opinion filed April 13, 1922.   Rehearing denied May 16, 1922.)

**Vendor and Purchaser—Complaint Re Recovery of Part Payment—Abstract to Show Good Title Before Second Payment, Whether Independent or Dependent Covenant—Rule of Interpretation Defined.**

Under a contract between defendant and plaintiff's assignor,

for purchase and conveyance of realty, plaintiff paid $5000 as "earnest money," pursuant to contract, which provided for the further payment of $10,000 on a specified date "or as soon thereafter as a warranty deed conveying a good and merchantable title to said land is tendered, time being considered of the essence" of the contract, and "if title is not good and cannot be made good within 90 days from date when first deferred payment shall become due," the agreement to be void and earnest money refunded; held, that the covenant to pay the $10,000 was an independent covenant; the universal rule concerning such contract being, that the relation of covenants is to be determined according to intention and meaning of parties as the case appears in the instrument, to which intention, when discovered, all technical forms of expression give way; the undertakings of the respective parties being always deemed dependent unless a contrary intention clearly appears; hence, it affirmatively appearing that said further payment was not to be made until after defendant had tendered his deed conveying merchantable title nor until title was made good within 90 days after date specified for the second payment, and the complaint, alleging the above facts, showing that more than that period had elapsed since said specified date, without tender of such deed and without making good title, plaintiff was entitled to return of the first payment.

Sherwood, J., not sitting.

Appeal from Circuit Court, Aurora County. Hon. FRANK B. SMITH, Judge.

Action by William Ontjes, against G. J. Thomas, to recover back purchase money paid under a contract for sale and conveyance of realty. From a judgment for defendant entered upon demurrer to complaint, plaintiff appeals. Reversed.

*Porter & Bartlett,* for Appellant.

*Jones, Muller & Conway,* and *Spangler & Wire,* for Respondent.

Appellant cited: Shinn v. Roberts (N. J.) 43 A. D. 636; Reynolds v. Lynch (Minn.) 107 N. W. 145; Ink v. Rohring, 23 S. D. 548.

Respondent cited: Burtan v. Ryther, 38 S. D. 342.

POLLEY, J. This is an appeal from a judgment on demurrer. Defendant and plaintiff's assignor entered into a contract whereby defendant agreed to sell to said assignor a certain tract of real estate. The contract provided for the payment of

$5,000 "earnest money" which was paid to defendant when the contract was executed. It then provided for the payment of $10,000 on the 1st day of March, 1920 (and other payments not material)—

"payable on or before the dates named above, or as soon thereafter as a warranty deed, conveying a good and marketable title to said land, is tendered, time being considered of the essence of this contract. And it is agreed that if title to said premises is not good and cannot be made good within 90 days from date when first deferred payment shall become due, this agreement shall be void, and the above earnest money refunded. But if the title to said premises is then good, in the name of the grantor, and the purchaser refuses to accept the same, said earnest money shall be forfeited to G. J. Thomas as liquidated damages."

Plaintiff alleged, in his complaint, that more than 90 days had elapsed after the first deferred payment became due, but that defendant had wholly failed to tender a warranty deed such as defendant agreed to furnish or that would convey a good merchantable record title to said premises, and had wholly failed to procure, or to make title to said premises good and merchantable record title in himself or another and tender the same to plaintiff or his assignor, and that, because of such failure on the part of defendant, plaintiff was entitled to the return of the said $5,000 earnest money.

Defendant answered, but, when the case was called for trial, he objected to the introduction of any evidence, on the ground that the complaint failed to state facts sufficient to constitute a cause of action. This objection was sustained, and judgment was entered dismissing the action at plaintiff's cost.

It is the theory of defendant and also apparently that of the trial judge that the covenant in the contract, requiring the plaintiff to pay the sum of $10,000 on the 1st day of March, 1920, was an independent covenant, and that plaintiff, having failed to pay the said sum of $10,000 on said date, he forfeited said sum of earnest money to defendant, notwithstanding the fact that defendant had not tendered the deed as stipulated in the contract; while plaintiff contends that said covenants are dependent covenants and that he is not required to pay or tender said sum of

money until defendant had tendered his warranty deed conveying the kind of title stipulated for in the contract.

It is our view that plaintiff's contention is right. In contracts like this the covenants of the parties are always considered dependent unless the contrary intention clearly appears.

"The universal rule, laid down under the authorities, concerning the construction of covenants in contracts, as to whether they are dependent or independent, is that the relation of covenants is to be determined according to the intention and meaning of the parties as the same appears in the instrument, and by the application of common sense to each particular case, to which intention, when once discovered, all technical forms of expression must give way." Ink v. Rohrig, 23 S. D. 548, 122 N. W. 594; Hauert v. Kaufman (S. D.) 186 N. W. 555.

"In contracts of this description, the undertakings of the respective parties are always considered dependent, unless a contrary intention clearly appears." Bank v. Hagner, 1 Pet. 464, 7 L. Ed. 219.

The contrary intention does not appear in this contract. Indeed, it affirmatively appears that the said payment was not to be made until after the defendant had tendered his deed, which was to convey merchantable title. It is further agreed that, if the title was not made good and could not be made good within 90 days after the 1st day of March, 1920, then the contract was to be void and defendant would return said sum of money. The complaint alleges, and the objection admits, that more than 90 days had elapsed since the 1st day of March, 1920, but that defendant had not tendered a deed such as is stipulated for in the contract and had not made the title good or merchantable. From these facts it necessarily follows that, at the time of the commencement of the action, plaintiff was entitled to a return of the said sum of $5,000, and he should have had judgment for that amount.

The judgment appealed from is reversed.

SHERWOOD, J., not sitting.