SAUNDERS, Respondent, v. ERICKSON, et al, Appellants.

(189 N. W. 116.)

(File No. 5037.     Opinion filed June 27, 1922.     Rehearing denied August 31, 1922.)

1. **Vendor and Purchaser—Contract, Time as Essence, Whether Provision Waived—Evidence Sustaining Waiver by Purchaser.**

    In a suit to recover back purchase money paid under a realty sale contract, held, evidence sustains appellants' contention that plaintiff waived a provision making time the essence of the contract.

2. **Same—Vendors' Failure to Convey Good Title, Local Probate Wanting, Vendee's Cancellation of the Contract, Findings Re—Evidence Sustaining Vendee's Compliance, Vendor's Failure to Perform.**

    Where, in a suit to recover back purchase money under a realty sale contract making time of essence of contract, trial court found that vendors failed within contract period, or a reasonable time thereafter to comply with conditions of same in not conveying the land to vendee and in not securing title until after suit brought, and that plaintiff had elected to declare contract cancelled; evidence showing that vendee insisted by letter to vendors upon their performance after he had made a payment which entitled him to the deed, and had threatened suit unless deed came shortly, vendee's attorney having later notified vendors by letter that vendee was greatly damaged from their failure to convey, and reiterating his claim that he had been deprived of the right to resell at a profit by reason of their default, and demanded cancellation of the contract and stating that vendors agreed to application of the payment of the amount vendee had paid under the contract on another land deal between them and plaintiff and that they allowed the latter a credit of $1,870; held, that vendee's demand of performance and notice of intention to rescind was sustained; that the findings were justified, and that vendors had failed to perform their part within a reasonable time.

3. **Same—Vendee's Tender of Purchase Money Mortgage, Non-necessity of Where Vendors in Default—Interpretation of Parties Meaning Re Dependent Covenant, Ontjes v. Thomas Followed.**

The contention that vendee, in order to enforce rescission of a land sale contract and recover back purchase money paid, must tender a mortgage for balance of purchase money as per contract, is untenable where, as in instant case, vendors failed to tender deed within contract period or thereafter, or to procure good title to the land in question; that (following Ontjes v. Thomas, 45 S. D. 425, 187 N. W. 726) intention of parties must be discovered by application to terms of contract of common sense, and that tender of payment under a mutual covenant is not required until after vendor has tendered deed conveying merchantable title.

4. **Same—Rescission, Recovery of Purchase Money—Vendee in Possession, Whether Surrender Necessary to Suit—Tender of Possession and Accounting, Effect—Statute.**

Where, in a suit by vendee or realty to recover purchase money paid under a contract he sought to rescind, was in possession of the premises under the contract, held, it was not necessary for him to first surrender possession and account for rents and profits before suit brought; he having tendered on trial return of possession and accounting, evidence sustaining such accounting; he having thus complied with Sec. 908, Code 1919, Subd. 2, requiring restoration of everything received under contract except when opposite party is unable or refuses to perform.

Anderson, Judge, taking no part in the decision.

Appeal from Circuit Court, Roberts County, Hon. FRANK ANDERSON, Judge.

Action by Phil C. Saunders, against Helmer Erickson and Esther Erickson, to recover back moneys paid under a contract for sale of realty. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

*Jorgenson & Anderberg,* for Appellants.

. *Robert D. Jones,* and *Howard Babcock,* for Respondents.

SMITH, J. Action was begun on January 4, 1921, to recover payments made on a land contract. Trial was had to the court without a jury, in August, 1921, and on August 25th findings, conclusions, and judgment were entered in favor of plaintiff for the amount of payments made under the contract, with interest. The material facts are hereinafter stated. On June 14, 1919,

pl? ntiff and defendants entered into a written contract for the pι :chase and sale of lands in Roberts county in this state, where- ι defendants, who are appellants here, contracted and agreed to ᐧ ᴉnvey certain lands to plaintiff for a total consideration of 25,712.50, to be paid as follows: $1,237.50 on delivery of the ᴉontract; $1,000 on the 1st day of October, 1919, and $4,000 on ᴉMarch 1, 1920; to assume two mortgages on the land, one of $2,500 and another of $4,000, and to execute and deliver to defendants a second mortgage on the land for $12,975, deed and mortgage to be given on March 1, 1920; time to be of the essence of the contract.

Plaintiff, who is respondent here, made all payments promptly when due, up to and including the $4,000 due March 1, 1920. Appellants did not own the lands at the time of entering into the contract. The land belonged to what was known as the Jenkins estate and appellants held a contract of purchase thereof, from the administratrix of the estate, who was a resident of the state of Washington, where the Jenkins estate had been probated. A short time prior to March 1, 1920, appellants presented to plaintiff an abstract of title, which showed that the Jenkins estate had never been probated in Roberts county, S. D., where the land was situated. Plaintiff thereupon notified defendants that the deal could not be closed and a good record title obtained until such proceedings were had. The record discloses that about April 5, 1920, ancillary proceedings were begun in the county court of Roberts county for probate of the Jenkins estate, by the administratrix of the estate. The attorneys so employed testified that it ordinarily required about eight months to probate such an estate, but that delays had occurred in these proceedings, which were partially explained.

Appellant Helmer Erickson testified that he received a deed from Mrs. Jenkins, administratrix of the Jenkins estate, after the probate proceedings had been completed, and the record shows that this deed was dated February 27, 1921, and was filed for record March 30, 1921. Erickson also testified that he did not pay the money and obtain the deed from the administratrix of the Jenkins estate because of the fact that the administratrix could not convey a good title to him until after the Jenkins estate was probated in Roberts county.

It appears that probate proceedings in Roberts county were pending from about April 5, 1920, and that appellant Erickson was never at any time in a position to convey to plaintiff a valid title to the lands until he received the deed from the administratrix on February 7, 1921. It must be borne in mind then that action was begun on January 4, 1921.

[1] Appellants' first contention is that respondent had waived the provision making time the essence of the contract. Without reviewing the evidence which sustains it, we are of the view that appellants are correct in this contention. Appellants' next contention is that they were entitled to notice of respondent's intention to rescind the contract, and to a reasonable time within which to comply with the terms of the contract after such notice. The trial court found as matter of fact that the defendants did not, at the time provided by said contract on the 1st day of March, 1920, or within a reasonable time thereafter, or ever or at all, comply with the terms and conditions of said contract, in that said defendants failed and refused to convey to plaintiff the land described in said contract, and that defendants did not secure or acquire any title whatever to said land until about the 30th day of March, 1921, and long after the commencement of this action, and that the defendants were not within a reasonable time able to deliver a title to plaintiff. The trial court also found that because of the failure of defendants to carry out and perform their contract with plaintiff within a reasonable time, or at all, the plaintiff had elected to declare said contract canceled.

[2] One of appellants' main contentions is that these findings are not sustained by the evidence. Appellants contend that no demand of performance was made by respondent, nor were they given specific notice of plaintiff's intention to rescind and demand return of payments made under the contract.

On July 2, 1920, plaintiff wrote to defendants, among other things, as follows:

"Mr. John Munro wrote me in March after I had returned the abstracts to him, that it would not take over two months to correct the probate proceedings in the Jenkins estate, as they can use a short form in correcting this probate matter, so the deal should be closed up in June. There is no reason why you cannot go ahead and pay up the Jenkins contract for the deed now,

and get your deed from Mrs. Jerkins so you can deed to me, so that I can resell the land, as I have a deal to sell it now. * * * Every time I talk to you about it, you seem to think that you want the farm back and simply delay this thing. It seems only fair to me that you were just as firmly bound to deliver the deed and a good marketable title to me on March 1st as I was to make that payment of $4,000.00 on March 1st, which I promptly paid. I should have canceled that contract for deed last March and refused to make the payment due last March 1st because you did not get this contract for deed with Mrs. Jenkins cleaned up and paid for, and your deed of record on March 1st as you agreed with me when I made the other payments. I wanted to be fair with you, and wrote Mr. Munro that I would let the matter run along for sixty days, but that did not mean ninety days or four months. * * * I will not stand for any more delay in this matter, and about the only thing I can see now is for you to cancel this contract, and return me my money or make some other arrangements so that this contract will be promptly canceled."

Some time during the month of August, 1920, plaintiff and defendants had some negotiations looking to an adjustment of this deal. It appears from the record that in another deal prior to this plaintiff had given defendant Erickson his notes to the amount of $11,500, which Mr. Erickson then held. On September 4, 1920, plaintiff wrote to defendant:

"You admitted to me the other day when we were talking about this matter that you had not fulfilled the contract, or even tried to carry the same out so that I could resell the land and properly deed it, and in turn, every time I write you about this or talk to you about this, you simply stand me off and say that you want the farm back, etc. I am simply getting tired of this delay in this matter, and I outlined for you in my letter of July 2d how you could have this fixed up, but you have done nothing whatever, and in turn, the only thing I can see is for me to go into court and force you to cancel this contract for deed. By your actions, I have lost the sale of this farm at a fair profit a number of times. As I wrote you under date of Aug. 28, we will not accept a trade on that 320 acres southwest of Wilmot known as the Mickelson farm, and we might just as well stop

talking about this matter, as you have simply been stalling me for the last three or four months. * * * The only thing I can see at the present time is to go ahead and bring a court action to cancel this contract. If you wish to cancel same and indorse the amount I have paid you on this deal, on the notes I owe you on the Lake Township farm, then you will have to give the same your very prompt attention, otherwise I will commence an action asking for the money back and also asking for damages for at least $2,000 in this matter. Now, Mr. Erickson, I mean just exactly what I tell you, and you can figure that I will do just exactly what I have stated in this letter. I have treated you more than fair all the way along, and I consider this offer very fair for the reason that I would twice as soon have my money back from you, as I would to endorse it on that second mortgage paper, which is not due for some years and draws interest at six per cent, but again I want to be fair with you as long as you haven't got the money to pay it back to me, so I make you this offer. In turn, if you force me to start an action in court to cancel this contract, then I will expect the money back, and you will not get off as easy. I would advise you to give this your prompt attention.

Nothing came of this proposition, and on December 18, 1920, plaintiff's attorney, among other things wrote to defendant as follows:

"By your failure to comply with the terms of your contract for deed, Mr. Saunders has been greatly damaged by reason of the fact that he has been unable to sell and convey the same at a profit, although he has had several opportunities to do so. * * * This is my proposition to you: You must call at my office not later than December 22, 1920, cancel the contract for a deed, agree to the payment of the amount paid to you on this contract on the other land deal between you and Mr. Saunders, and that you allow Mr. Saunders a further credit of $1,870.00. If you do not do this, I will begin a suit against you for the cancellation of this contract, the return to Mr. Saunders of the money paid, and for damages in the sum of $1,870.00 for your failure and refusal to comply with the terms of your contract."

We are directing attention only to those portions of the record which we think pertinent to appellant's contention that there

was no demand of performance nor notice of intention to rescind and demand return of payments under the contract. We are of the view that, as shown by the record, plaintiff, at all times, acted in good faith; and did all in his power to consummate the deal with defendants, and that the findings of the trial court that plaintiff had performed his part under the contract, but that defendants had not performed on their part within a reasonable time, are sustained by the evidence.

[3] Appellants further contend that an action cannot be maintained by plaintiff without a tender of performance on his part, and that plaintiff has never executed and tendered to defendants the mortgage for $12,975, in final payment under the contract. It would be an idle act to require plaintiff to execute and tender to defendants a mortgage on land, the title to which was vested in neither plaintiff nor defendants, but was still held by a third person, who might or might not convey such title to defendants. The trial court found, and we think the evidence sustains such finding, that plaintiff at all times was ready, able, and willing to execute and deliver to defendants the mortgage required under the contract concurrently with the execution by defendants of a deed to him vesting in him a good and merchantable title to the land to be mortgaged, and we are of the view that this is sufficient under the rule laid down by this court in Hauert v. Kaufman (S. D.), 186 N. W. 555.

In Ontjes v. Thomas (S. D.) 187 N. W. 726, this court, discussing dependent covenants in a land contract, held that the intention and meaning of the parties was to be discovered by the application to the terms of the contract, of common sense in each case, and, when once discovered, all technical forms of expression must give way, and that a tender of payment under a mutual covenant was not required to be made until after defendant had tendered a deed conveying to plaintiff a merchantable title. If payment was not required to be made in such case, no specific tender of payment in advance would be necessary, and nothing more would be required than satisfactory proof that he was at all times, ready, able, and willing to make such payment. It is conceded that appel. nts in this case never acquired title to the land and never tend ed a deed until long after this action was begun.

We are of the view that the rule announced in Yarosh v. Sanders (S. D.) 187 N. W. 713, is applicable and controlling here, and that the findings of the trial court are sustained by the evidence.

[4]   The record discloses that plaintiff was put in possession of the land on March 1, 1920, and has remained in possession and received the rents and profits therefrom up to the beginning of this action, and appellants contend that plaintiff cannot maintain this action without first surrendering possession and accounting for the rents and profits. The plaintiff in his complaint tendered a return of possession and an accounting, and the trial court noted that fact, and by its finding made full accounting, which findings are sustained by sufficient evidence. This, we think, was a substantial compliance with the statute, which requires a restoration of everything received under the contract, except when the other party is unable or positively refuses to perform his part of the contract, or to return what he had received under it.   Subdivision 2, § 906, Code 1919.

Various other matters and assignments are discussed in appellants' brief, all of which we have carefully examined, and considered.   In our view of the case, none of them are controlling or of sufficient importance to require discussion.

The order and judgment of the trial court are affirmed.

ANDERSON, J., took no part in this decision.