ENO, Respondent. v. KNOX et al, Appellants.

(206 N. W. 1004.)

(File No. 5124.   Opinion filed January 23, 1926.)

1.   **Vendor and Purchaser—Pleadings—Tender—Complaint in Action for Breach of Contract to Convey Real Estate Held to Insufficiently Allege Performance.**

   In an action for breach of contract to convey real estate, where defendant was to deliver deed on execution of certain notes, held complaint which merely alleged readiness, willingness, and ability to perform insufficiently alleged performance,

for complaint should have alleged tender of performance, or that purchasers "duly performed" the things to be by them performed pursuant to Rev. Code 1919, Sec. 2366.

2.   Pleading—Damages—Demurrer—Complaint Stating Cause of Action for Down Payment Not Subject to General Demurrer, Because Allegations as to Additional Damages Did Not State Cause of Action.

In action for breach of land contract, where complaint stated a cause of action for down payment, it was not subject to general demurrer because allegations as to additional damages did not state a cause of action under Rev. Code 1919, Sec. 1970, and such allegations may be treated as surplusage.

Dillon, J., dissenting.

Appeal from Circuit Court, Minnehaha County; HON. JOHN T. MEDIN, Judge.

Action by L. L. Eno against C. E. Knox and M. G. McMahon. From judgment overruling demurrer, the defendant Knox appeals. Order overruling demurred reversed.

*Johnson & Simons,* of Sioux Falls, for Appellant.

*Albert J. Keith* and *Michael G. Luddy,* both of Sioux Falls, for Respondent.

GATES, P. J.   This case was before us in 44 S. D. 343, 184 N. W. 206.   The facts there recited are sufficient for an understanding of the present issues.   After that decision, McMahon was added as a party defendant; he refusing to join as plaintiff.   The defendant Knox again demurred to the complaint, in that there was a want of facts alleged.   The demurrer was overruled, and Knox appeals.

[1]   The principal contention in this court revolves around the sufficiency of the allegation of performance of the contract on the part of Eno and McMahon.   By the terms of the contract Knox, on August 1, 1919, was to deliver to Eno and McMahon a warranty deed of the land ,and Eno and McMahon were on that date to execute and deliver notes and mortgage.   The complaint, after alleging default on the part of Knox in the delivery of the deed, contains the following:

"Although the plaintiff and defendant McMahon were at all times ready. willing and able to give to the defendant Knox the promissory notes and mortgage pursuant to the terms of said written contract."

That is the only allegation in the complaint which purports to plead performance by Eno and McMahon. In 39 Cyc. 2086, the text says:

"In order to maintain an action for damages against the vendor the purchaser must first comply with any conditions precedent which the contract imposes upon him, or show a sufficient justification or excuse for not having done so; and all mutual and dependent covenants are regarded respectively as conditions precedent."

In 27 R. C. L. 630, the following appears:

"To entitle the purchaser to maintain an action for damages he must perform or offer to perform all dependent or concurrent agreements on his part to be performed."

The agreements to be performed by Eno and McMahon, on the one hand, and Knox, on the other hand, were dependent covenants. Ink v. Rohrig, 23 S. D. 548, 122 N. W. 594; Hauert v. Kaufman, 45 S. D. 132, 186 N. W. 555. The complaint should either have alleged a tender of the things by them to be performed, or should have alleged (pursuant to the provision of section 2366, Rev. Code 1919) that they had "duly performed" the things by them to be performed. The allegation in this action at law for damages that they were "read, able and willing" did not constitute an allegation of performance.

[2] Another contention is that the allegation of damage in the sum of $100 purporting to have been caused by the inability of Eno and McMahon to complete a resale of the land by reason of Knox's failure to convey does not state a cause of action under section 1970, Rev. Code 1919. Aside from the first point disposed of in this opinion a cause of action for the recovery of the down payment is alleged; therefore it cannot be said that, because the complaint asks for additional damages beyond that, the complaint does not state a cause of action. Upon the general demurrer the specific allegation as to the $100 damage may be held to be surplusage. The way to reach that is by specific demurrer addressed to that allegation, or by the proper motion, or by objection to the introduction of evidence thereunder. The order overruling the demurrer is reversed.

DILLON, J., dissents.