(5) Trial, Key-No. 234(7), Fraud, 27 C. J. Sec. 225; (6) Contracts, Key-No. 99(1), 13 C. J. Sec. 979, Fraud 27, C. J. Secs. 170, 199, 205; (7) Contracts, Key-No. 99(3), 13 C. J. 979, Fraud, 27 C. J. Sec. 199; (8) Principal and surety, Key-No. 46, 32 Cyc. 135 (Anno.); (9) Principal and surety, Key-No. 46, 32, Cyc. 60.

## ONTJES, Respondent, v. THOMAS, Appellant.

### (208 N. W. 230.)

(File No. 5663. Opinion filed April 5, 1926.)

1. **Vendor and Purchaser—Descent and Distribution—Rescission.**

Error in probate proceedings distributing a one-third interest instead of one-half interest to heirs through whom grantor claims, created defect in title, so that purchaser under contract was entitled to rescission.

2. **Vendor and Purchaser—Waiver.**

Under contract for good title to be given on 1st day of March, 1920, purchaser did not waive defects in title by taking possession during summer of 1919.

Appeal from Circuit Court, Davison County; Hon. FRANK B. SMITH, Judge.

Action by William Ontjes against G. J. Thomas. Judgment for plaintiff, and defendant appeals. Affirmed.

*Muller & Conway*, of Sioux Falls, for Appellant.

*W. G. Porter* and *N. B. Bartlett,* both of Sioux Falls, for Respondent.

POLLEY, J. This action was here on a former appeal, and will be found reported in 187 N. W. 726, 45 S. D. 425, to which reference is made for a statement of the facts. After that appeal was disposed of by this court the case was returned to the circuit court, where it was tried. The issue tried by the circuit court was the condition of the title of the land in question as it appeared of record on the 1st of March, 1920, and at the end of 90 days thereafter.

Numerous defects in the said title as it appears from the abstracts are pointed out by plaintiff. The trial court made findings of fact favorable to plaintiff, and made the following conclusions of law:

"That the record title to the premises described in said contract is not free from reasonable doubt such as a prudent and

intelligent man acting on competent legal advice and business principles would accept at a fair market value of said property, but that said title containing the foregoing errors, defects, and irregularities would cause a prudent and intelligent man, acting on competent legal advice and business principles, to refuse to take said premises at a fair market value thereof, and that said record title can be perfected only by litigation and judicial determination, and that the same was then and is now unmarketable."

It is not necessary for the court to consider more than one of the numerous defects in the said title.

[1] The contracts involved described a contiguous tract containing 480 acres of land. The record shows that on and prior to the 5th day of July, 1914, one Peter Murphy was the owner of an undivided one-half interest in and to 80 acres of said land; that said Peter Murphy died on said last-mentioned date; that his estate was probated, but through an error the property was described as an undivided one-third interest. The one-third interest so described was distributed to the heirs of the said decedent, and by them conveyed to defendant's grantor. This leaves an undivided one-sixth interest in said 80 acres vested in the heirs of the said Peter Murphy. For this reason alone defendant was unable to convey the kind of title he contracted to convey, and plaintiff was entitled to rescind and to a return of the $5,000 paid when the contract was entered into.

[2] It is claimed by defendant that plaintiff waived any defects in the title to the property by taking possession thereof and occupying the same during the summer of 1919. It is true plaintiff did occupy the premises for a time, but it was with the understanding that defendant was to be able to convey a good title on the 1st day of March, 1920, or to make it good within 90 days thereafter. This defendant failed to do, and plaintiff served his notice of rescission on the 15th day of June, 1920.

The judgment and order appealed from are affirmed.

MISER, Circuit Judge, sitting in lieu of SHERWOOD, J.

Note.—Reported in 208 N. W. 230. See, Headnote (1), American Key-Numbered Digest, Vendor and purchaser, Key-No. 130(4), 39 Cyc. 1474, 1525.