HAUERT, Appellant, v. KAUFMAN et al, Respondents.

(208 N. W. 981.)

(File No. 5423.. Opinion filed May 28, 1926.)

1. **Vendor and Purchaser—Payments.**

    As respects payment, provision in contract for sale of land that time should be of essence thereof held waived by both parties, where it contained no provision as to place of performance, and vendor did not make tender of deed before declaring forfeiture.

2. **Vendor and Purchaser—Rescission.**

    Vendor whose contract of sale stipulated that time should be of essence thereof, and who declared forfeiture without tendering deed, held not so without fault as to be entitled to retain deposit of purchase money.

3. **Vendor and Purchaser.**

    Vendor declaring forfeiture of contract of sale has duty to prove justification for such declaration.

---

Note.—See, Headnote **(1)**, American Key-Numbered Digest, Vendor and purchaser, Key-No. 187, 39 Cyc. 1608; **(2)** Vendor and purchaser, Key-No. 187, 39 Cyc. 1616; **(3)** Vendor and purchaser, Key-No. 299(3), 39 Cyc. 897-98.

Appeal from Circuit Court, Aurora County; Hon. Frank. B. Smith, Judge.

Action by Louis H. Hauert against Henry Kaufman and another, in which defendants interposed a counterclaim. Judgment for defendants on their counterclaim, and plaintiff appeals. Affirmed.

*T. J. Spangler,* of Mitchell, for Appellant.

*Roscoe Satterlee* and *H. G. Giddings,* both of Mitchell, for Respondent M. J. Rardian.

MISER, Circuit Judge. This action was here on a former appeal, and will be found reported in 45 S. D 132, 186 N. W. 555, to which reference is made for a statement of the facts. The

cause was by this court remanded with directions to the lower court to try out the issues raised by the counterclaim, and, if such issues were found in favor of defendant, appellant therein, to modify its judgment by adding thereto a money judgment in favor of defendant. Thereafter that cause was tried out and a modified judgment entered, wherein it was adjudged that defendant Rardin recover of plaintiff, Hauert, the sum of $1,000, being the initial payment made to plaintiff under the contract set forth in defendant's counterclaim, with interest and costs  The appellant assigns as error the making of certain findings of fact as not supported by any evidence, and in this we find that findings were more favorable to respondent than warranted by the evidence. However, the uncontradicted evidence in the case shows that both sides had elected to treat the contract as mutually abandoned. The law was clearly stated in the former appeal, which was followed in Ontjes v. Thomas, 45 S. D. 426, 187 N. W. 726, the decision on appeal from the second trial of which cause has just been handed down.

The present case differs from the second case of Ontjes v. Thomas, in that plaintiff's title was apparently good, but the evidence clearly showed that, while Rardin was in good faith attempting to carry out the provisions of the contract, and before plaintiff had tendered a good and sufficient deed or any deed, defendant was notified on March 27, 1920, by plaintiff and appellant that he had determined to exercise his right of declaring the contract forfeited, together with all rights and claims of the defendant thereunder, and all payments made by him, and that the payments would be retained by the plaintiff in satisfaction of damages sustained by reason of defendant's default. And thereafter on April 9, 1920, appellant brought this action, not an action for a strict foreclosure of a real estate contract, but to quiet the title to the land.

[1-3] Under the authority of Ink v. Rohrig, 23 S. D. 521, 122 N. W. 594; and Hauert v. Kaufman, 45 S. D. 132, 186 N. W. 555; Ontjes v. Thomas, 45 S. D. 426, 187 N. W. 726; Saunders v. Erickson, 45 S. D. 500, 189 N. W. 116; Moter v. Hershey, 48 S. D. 493, 205 N. W. 239; Eno v. Knox, 49 S. D. 290, 206 N. W. 1004, the covenants were mutually dependent, and, in view of the fact that the contract contains no provisions as to the place

of performance, and appellant did not, on March 1, 1920, nor at any time, make a tender of the deed, the provisions of the contract that time was the essence thereof must be deemed to have been waived by both parties (Speer v. Phillips, 24 S. D. 257, 123 N. W. 722; Burchfield v. Hageman, 35 S. D 147, 151 N. W. 47), and consequently, when plaintiff and appellant, on March 27th, and while defendants were proceeding in good faith to comply with the contract, elected to declare the contract void, he was not so without fault as to entitle him to a rescission and to retain the purchase money. The plaintiff in this case has declared a forfeiture. The duty is on him to prove justification of this declaration, and, while the findings may appear more favorable to defendant than the facts justify, nevertheless the uncontradicted evidence fails to prove a justification on the part of the appellant for his acts.

And for these reasons the judgment of the lower court should be affirmed.

MISER, Circuit Judge, sitting in lieu of SHERWOOD, J.