HOFFMAN, Appellant, v. KLEINJAN, Respondent.

(224 N. W. 187.)

(File No. 6613.   Opinion filed March 16, 1929.)

*P. A. Hosford* and *Roscoe Knodell,* both of Winner, for Appellant.

*W. J. Hooper,* of Gregory, for Respondent.

BROWN, J.   On July 12, 1919, respondent and appellant entered into a written agreement whereby respondent agreed to sell and convey to appellant a quarter section of land in Tripp county for $3,500, of which $600 was paid at the time of the execution of the contract, $1,400 was to be paid March 1, 1920, and in payment of the remaining $1,500 respondent agreed to accept a first mortgage on the premises, due March 1, 1925.   The contract contained a clause that time was of its essence, but both parties disregarded this and on March 27, 1920, appellant paid the $1,400. He testified that he was then ready and offered to execute the note and mortgage for $1,500 in accordance with the terms of the con-

tract, but that there was an existing mortgage of $1,000 on the premises, and respondent put off from time to time the execution of the deed and the furnishing of an abstract. The contract provided that, as soon as the purchase money should be paid, respondent would execute and deliver to appellant a good and sufficient warranty deed conveying the premises to appellant, free of all incumbrances except taxes, and would also deliver an abstract of title for the premises.

About the time of the execution of the contract appellant went into possession, and thereafter included the premises with other land in three separate mortgages which he gave, one on June 6, 1920, for $6,300, one on February 5, 1921, for $10,000, and one on January 9, 1922, for $11,500. Each of these three mortgages was duly recorded soon after its execution. Respondent defaulted in payment of the $1,000 mortgage which was on the premises at the time of the execution of the contract, and it was foreclosed and a sheriff's certificate of sale for the premises issued to the purchaser at the foreclosure sale on March 3, 1923, and, no redemption being made, on March 13, 1924, a sheriff's deed for the premises was executed and delivered to the purchaser at the foreclosure sale, and the title of respondent eliminated. Threafter appellant commenced this action for the recovery of the $2,000 which he had paid under the contract.

Respondent testified that appellant never offered to give him the note and mortgage for $1,500 and had never asked him to return the $2,000, and further testified that he told appellant that he was ready to deal with him at any time that appellant would clear off the three mortgages hereinbefore referred to, placed by appellant on the land. At the close of all the evidence each party moved for a directed verdict in his favor, and the court discharged the jury and made findings of fact and conclusions of law in favor of respondent, on which judgment was entered dismissing appellant's action on the merits. From the judgment, and an order denying a new trial, this appeal is taken.

The court found that "the conditions of the contract have never been performed by either party"; also that plaintiff had never offered to execute the note and mortgage for $1,500, or tender the same to defendant; that defendant was at all times ready, willing, and able to comply with the terms of the contract and

execute the deed for the premises to plaintiff, but, because of plaintiff's having placed on the premises the three mortgages already referred to, plaintiff was unable to comply with the terms of the contract on his part by executing a note secured by a first mortgage on the premises for $1,500.

The finding that defendant was at all times ready, willing, and able to comply with the terms of the contract and execute a deed to the premises is not supported by the evidence in the case. In order to be able to comply with the terms of the contract on his part, it was necessary for defendant to have cleared the premises of the mortgage for $1,000, which he never did, but, on the contrary, allowed that mortgage to be foreclosed and lost title to the land.

The execution of the $1,500 note and mortgage by plaintiff, and of the warranty deed, free of all incumbrances, except taxes, by defendant, were dependent covenants and plaintiff was under no obligation to tender the note and mortgage for $1,500 until defendant tendered a warranty deed conveying the premises to plaintiff, free of all incumbrances, except taxes, and also had furnished an abstract of title for the premises. Ink v. Rohrig, 23 S. D. 548, 122 N. W. 594; Hauert v. Kaufman, 45 S. D. 132, 186 N. W. 555; Id., 50 S. D. 203, 208 N. W. 981; Ontjes v. Thomas, 45 S. D. 425, 187 N. W. 726; Saunders v. Erickson, 45 S. D. 500, 189 N. W. 116. Respondent never having tendered any deed, and never at any time since the execution of the contract having been able to tender any deed free of incumbrances, and now having lost all title to the premises which he agreed to convey, appellant was entitled to a return of the $2,000 he had paid, and should have had judgment for that amount. Ontjes v. Thomas, supra. The general rule that, where the covenants are dependent, the purchaser must tender the purchase price due, before he can sue to recover payments made, does not apply where the vendor is unable to perform; the law does not require idle acts. 39 Cyc. 1562, 2048; R. C. § 64.

The contention of respondent that he could not give a warranty deed because of the three mortgages placed on the land by appellant is untenable. Incumbrances created or suffered by the purchaser under a contract of sale do not constitute a breach of the warranty in the vendor's deed given in pursuance of the

contract, and do not excuse the vendor from making a tender of a deed as required by the contract. 39 Cyc. 1488; Stein v. Waddell, 37 Wash. 634, 80 P. 184.

The court's finding that, by reason of the giving of the three mortgages referred to, appellant had rendered himself unable to comply with the terms of the contract requiring him to give a note secured by a first mortgage on the premises is likewise untenable. A purchase money mortgage, executed by the mortgagor after he acquires title to the land, will take precedence of a mortgage executed by him before he acquires title. 41 C. J. 510. A mortgage given for the unpaid balance of purchase money on a sale of land * * * takes precedence of prior judgments and all other existing and subsequent claims and liens of every kind against the mortgagor, to the extent of the land sold, thus outranking a mortgage previously given by the same mortgagor before he took title to the property. 41 C. J. 528, § 470; 1 Jones on Mortgages (7th Ed), pp. 703-705, § 468, quoted with approval in Beck v. Elliott (S. D.), 220 N. W. 448; R. C. 1919, § 1537.

Respondent says that appellant has never returned or offered to return possession of the premises or to account for rents arising therefrom. The contract has nothing to say about rents, and in the absence of any provision on that subject the interest on the paid part of the purchase price must be deemed equal to the rents and profits (39 Cyc. 1572), and as to the alleged failure to return possession of the premises to respondent, it has to be said that respondent lost all right to the premises or possession thereof when the sheriff's deed was issued on March 13, 1924. Since that date, appellant's liability for rents and profits is to the grantee in the sheriff's deed, not to respondent, and surrender of possession is due to said grantee, and not to respondent.

Plaintiff was not required to demand the return of the $2,000 before commencing this action. The contract contained a provision that "in case of failure of title from any cause * * * this contract is to be canceled and settled by the prompt return of all money paid by purchaser, including taxes." It was the duty of respondent, when he lost title to the land by foreclosure of the $1,000 mortgage, to have promptly returned the $2,000 paid him by appellant.

On the undisputed evidence in the case, plaintiff was entitled to recover from respondent $2,000, with interest at 7 per cent thereon from March 13, 1924, the date when he was under legal liability to surrender possession to the grantee in the sheriff's deed.

The judgment and order appealed from are reversed, and the cause remanded for further proceedings in harmony with this opinion.

SHERWOOD, P. J., and POLLEY, J., concur.

CAMPBELL and BURCH, JJ., concur in result.